**Elmer Joe LACY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 42548.**

Court of Criminal Appeals of Texas.

Feb. 4, 1970.

John W. Overton, Houston, for appellant.

Carol S. Vance, Dist. Atty., and Phyllis Bell and Malcolm R. Dimmitt, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

BELCHER, Judge.

The offense is robbery by assault enhanced under Art. 62, Vernon's Ann.P.C.; the punishment, life.

In his first four grounds of error, the appellant challenges the sufficiency of the evidence.

The state's evidence reflects that on December 30, 1965 around 8:50 p. m. the complaining witness, Tom Soukup, who was manager of a grocery store in Harris County, Texas, had closed his store, checked the cash registers, counted the money, placed $3,050.00 equally divided in each of his trouser pockets and left the store by the rear door. As he started across the parking lot, Soukup heard a shot, turned around to see where the shot came from, heard another shot, and felt something hit him in the back. Then he saw two men, one of whom he identified while testifying at the trial as the appellant, who told him, "This is a hold-up." The men jumped on

Soukup knocking and throwing him to the ground. When Soukup fell to the ground, the appellant straddled him, hit him in the head with the pistol, and asked for the keys to the store and for the money. Soukup then gave him the keys and the money, and as the appellant hit Soukup in the head with the pistol again, the gun went off. Minutes later Soukup saw the men running down the road.

Soukup testified that he lost consciousness for a few seconds several times during this action, but he was face to face with the appellant at a distance of eighteen to twenty-four inches, and he "tried to remember his face, remember the features, height, weight all through his procedure." In the parking lot there was one flood light with a 200 watt bulb, and Soukup testified that he could see the appellant plainly.

Soukup further testified that the appellant and his companion put him in fear of his life at the time they took his money, and that they took it without his consent.

Testifying in his own behalf, the appellant denied committing or participating in the robbery of Soukup, and he stated that he was not at the scene of the robbery at the time it occurred but was at another and different place—the Calypso Lounge—at the time the alleged robbery occurred.

The court charged on alibi in behalf of the appellant, but this issue of fact was rejected by the jury.

The evidence is sufficient to sustain the conviction. Appellant's first four grounds of error are overruled.

■ In his fifth ground of error the appellant complains that the trial court erred in allowing Soukup to bolster "his testimony on identification many times by stating that he wasn't sure of the other man so he didn't identify him positive."

The record reveals that the only testimony of Soukup that was objected to by the appellant on the ground that it was an attempt to bolster Soukup's own testimony is as follows:

"Q So you are saying that you are certain of this man but not certain of the other man?

"A That's right.

"Q Is there any doubt whatsoever, reasonable doubt or otherwise that this is the man that robbed you that night?

"A There's no doubt, that's the man.

"Mr. Aselin: Your Honor, I believe this is an attempt for the witness to bolster his own testimony, and I object to that and ask that the Jury be instructed to disregard it.

"The Court: Alright, the Jury will disregard it. Please make your objection before it is answered in the future.

"Mr. Aselin: Thank You, Your Honor."

The appellant's fifth ground of error is overruled.

■ The remaining contentions presented as error do not comply with the provisions of Art. 40.09, Sec. 9, V.A.C.C.P., and cannot be considered. Keel v. State, Tex.Cr.App., 434 S.W.2d 687; Dailey v. State, Tex.Cr.App., 436 S.W.2d 346; Shirden v. State, Tex.Cr.App., 439 S.W.2d 348; Thomas v. State, Tex.Cr.App., 450 S.W.2d 907; McLeod v. State, Tex.Cr.App., 450 S.W.2d 321; and Young v. State, Tex.Cr. App., 448 S.W.2d 484. However, the contentions have been examined and they do not reveal error.

The judgment is affirmed.