Rubin M. COOK, Appellant,

v.

The STATE of Texas, Appellee.

No. 59902.

Court of Criminal Appeals of Texas, Panel No. 1.

Jan. 28, 1981.

Stephen M. Orr, Austin, for appellant.

Ronald D. Earle, Dist. Atty. and Bill White, Asst. Dist. Atty., Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and ROBERTS and ODOM, JJ.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for aggravated rape, wherein the jury assessed the punishment at eighteen (18) years' imprisonment.

At the outset appellant contends in two grounds of error that he was deprived of due process and equal protection of law in violation of the Fourteenth Amendment of the United States Constitution in that the trial court denied him a transcript of a previous trial on the same charge which resulted in a mistrial for the purpose of discovery in preparation for the second trial and for the cross-examination and possible impeachment of the State's witnesses.

The indictment alleged the offense occurred on or about the 8th day of December, A.D. 1975. The indictment was presented on January 13, 1976. The first trial commenced on June 21, 1976. There was a hung jury and a mistrial was declared on June 23, 1976. On July 1, 1976, the case was set for re-trial on July 26,

1976. On July 23, 1976, the appellant filed a motion requesting a free transcript of the first trial and attached a pauper's oath. A hearing was conducted on July 23rd.[1] It showed that at the first trial the appellant had been represented by retained counsel whom he had paid $500.00 and was still free on a bond for which he had paid $1,225.00 as a fee. The 24-year-old appellant testified he had $4.00 and had paid his second retained counsel nothing, and that at his first trial he had financial assistance from family and friends. He related he was married to a woman with four children from a previous marriage. He stated he expected a government check of $432.00 and that he could raise the additional $43.00 needed to pay the $475.00 for the transcription of the court reporter's notes. He acknowledged he was physically able to hold a job but had no job. The court denied the motion for a free transcript, but reset the case for August 30, 1976, to give the appellant time in which to secure the transcript.

On August 30, 1976, the appellant presented a second motion with affidavit for a free transcript to the court. When the case was called for trial, appellant's counsel called the court's attention to the first hearing and stated the first government check had not arrived, although the appellant had exercised diligent effort to expedite the delivery of the check, and that on September 1, 1976, he would be entitled to two checks from the federal government. The court, without hearing, denied the motion for a free transcript, but granted the motion for continuance.

On September 23, 1976, the date the case was set for retrial, the appellant filed a third motion for free transcript of the first trial attaching an affidavit of indigency. A hearing was conducted on September 27, 1976, in which appellant detailed his financial difficulties. The appellant related his $432.00 check had been sent directly to Durham Business College and that he had only received $259.00 after tuition had been deducted and had received $12.00 on another occasion which he had spent for food for his four stepchildren and living expenses, etc.; that he was indebted to department stores and finance companies. He related his last full-time job was prior to his first trial, but he had worked six weeks in July and August for $32.00 a week and his wife's take-home pay was $526.00 a month. On cross-examination, he admitted that he and his wife received over $700.00 a month in take-home pay. After inquiry by the court, the court reporter stated it would take a week to transcribe the testimony from the previous trial. Argument was made by the State that the appellant could have secured the transcript if he had wanted to, and appellant's counsel argued that appellant's house rent was $225.00, the electric bill was $100.00 to $150.00 per month, that the appellant had no telephone or automobile, etc. The Court noted that the case had been set twice since the first trial and continued both times upon assurances from the appellant he would be able to pay for the transcript if only given more time; that the third motion had been filed the day of the third setting; that the witnesses were present as well as the jury panel. The court overruled the motion for the said transcript under the circumstances. The case proceeded to trial and conviction. The appellant is represented by appointed counsel on appeal, but the record does not reflect that the transcription of the court reporter's notes were obtained by virtue of a pauper's oath.

The record reflects that on July 1, 1976, appellant's original trial counsel requested to withdraw as counsel since appellant had retained other counsel to represent him. The motion was granted on the same date. The mistrial was declared on June 23, 1976. At the time of the trial on September 28, 1976, over three months had elapsed since the first trial. Appellant had by his own action chosen different counsel since July 1, 1976.

Appellant relies upon *Britt v. North Carolina*, 404 U.S. 226, 92 S.Ct. 431, 30 L.Ed.2d

---

1. The affidavit of indigency was not introduced.

400 (1971),[2] in which it was held that a state must, as a matter of equal protection of the law, provide an indigent defendant with the basic tools of adequate defense on appeal when those tools are available for a price to other defendants. The *Britt* court noted that in connection with an indigent defendant's claim to a free transcript two facts relevant to the determination are: value of the transcript to the defendant in connection with appeal or trial for which it is sought, and availability of alternative devices that would fulfill the same functions as a transcript.

The court observed that in view of an indigent defendant's claim for a free transcript, even in absence of specific allegations, it can ordinarily be assumed that a transcript of a previous mistrial would be valuable to the defendant in at least two ways: as a discovery device in preparation for trial, and as a tool at the trial itself for the impeachment of the prosecution witnesses.

The court observed that the value of a transcript of a prior proceeding is recognized without requiring a showing by the indigent defendant of a need tailored to the facts of the particular case. The court noted that such defendant need not rely upon his memory of the prior proceedings, and need not bear the burden of proving inadequate the alternatives suggested by the State or conjured up by the trial court.

In *Britt* the United States Supreme Court, speaking through Mr. Justice Marshall, held that where the second trial of the case took place before the same judge and same counsel in a small town, and according to accused's counsel, the court reporter was a good friend of all the local lawyers, and was reporting the second trial, and it appeared that the reporter would have at any time read back his notes of the previous trial, well in advance of the second trial, if counsel had simply made an informal request, the accused in the *Britt* case had an alternative substantially equivalent to a transcript and the trial court did not err in denying Britt's motion for a free transcript of the first trial made before the second trial.

In the instant case we do not find a substantially equivalent alternative to the transcript being offered to the appellant.

In *Billie et al. v. State*, 605 S.W.2d 558 (Tex.Cr.App.1980), it was held that where indigent defendants' initial request for transcription of the court reporter's notes was made 10 days after mistrial and almost three months before re-trial, and defendants repeated such request, such request had been timely made and pursued with due diligence. *Britt v. North Carolina*, supra, was cited in support of such holding. The cause was reversed and remanded.

On rehearing it was held that the earlier holding was too broad, and than an indigent defendant need only be furnished without cost for use in a subsequent trial a transcription of the State's witnesses since it was usually only that testimony that could be used for discovery and impeachment, and that the transcription of defense witnesses, jury voir dire, argument of counsel, etc., need not be furnished for use in subsequent trial without a particular need being shown.[3]

---

**2.** Appellant cites state cases dealing with the right of an indigent to a free record on appeal. While cousins to *Britt* by virtue of *Griffin v. Illinois*, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956), they are not directly in point.

**3.** The holding in *Billie* on rehearing is suspect in light of the language in *Britt v. North Carolina*, supra, and other cases. *Britt* made clear that an indigent defendant was entitled to the record of a previous trial for the purpose of an effective defense at the second or subsequent trial. Certainly the defense testimony at the first trial may be invaluable to the defense counsel at the second trial, particularly where he was not counsel at the first trial. *Britt* made clear that the transcript of the first trial was to be used in defense as well as in cross-examination and possible impeachment of the prosecution's witnesses. *Britt* also made clear that an indigent defendant need not establish a particularized need for any portion of transcript before he was entitled to the same. Note that in *United States v. Baker*, 523 F.2d 741 (5th Cir. 1975), and *United States v. Smith*, 605 F.2d 839 (5th Cir. 1979), under *Britt* an indigent defendant is entitled to a *complete* transcript of previous trial, without any showing of a particular-

In the instant case appellant was represented by retained counsel and was free on bond. If he was not indigent, he was not entitled to a transcript of the previous mistrial unless he had timely ordered the transcript and paid for it. Twice the appellant filed a motion for the transcript along with a pauper's oath but twice, without securing a ruling from the trial court as to his indigency, secured continuances stating he would acquire the money for the transcript. Only on the third re-setting with the witnesses and jury panel did the appellant urge his indigency on the court and again ask for delay for the transcript to be prepared. The request was not timely and to have granted the same would only have served to delay the second trial a third time. The court did not err in denying the motion. *People v. Wolff,* 75 Ill.App.3d 966, 31 Ill.Dec. 553, 394 N.E.2d 755 (1979). The failure to timely request a free transcript may waive the right, *United States v. Hibler,* 463 F.2d 455 (9th Cir. 1972), and under certain circumstances failure to provide a transcript can be harmless error. *Martin v. Rose,* 525 F.2d 111 (6th Cir. 1975); *State v. Tomlinson,* 121 Ariz. 313, 589 P.2d 1345 (Ariz.App.1978). See *Johnson v. State,* 504 S.W.2d 493 (Tex.Cr.App.1974); *McCarter v. State,* 527 S.W.2d 296, 300 (Tex.Cr.App. 1975). A defendant, even if indigent, may not use his constitutional right to a free transcript of a prior trial or mistrial to control the court's docket or the second trial of his case. Appellant's contention is overruled.

Appellant also contends the trial court erred in prohibiting him from cross-examining the prosecutrix as to her prior sexual conduct.

Nowhere, simply nowhere, does the appellant call our attention to any portion of the record or refer to any page number where he contends that his cross-examination was limited. Such contention does not comport with the requirements of Article 40.09, § 9, V.A.C.C.P. Nothing is presented for review. *Lacy v. State,* 450 S.W.2d 640

(Tex.Cr.App.1970). This court with its tremendous caseload should not be expected to leaf through a voluminous record hoping to find the matter raised by appellant and then speculate whether it is that part of the record to which appellant had reference.

The State has also had difficulty in locating the complained of matter. It does refer us to p. 238 where on voir dire examination of the prosecutrix, outside the jury's presence, she admitted she had sexual intercourse the day before the alleged offense. The trial court ruled the same was not admissible before the jury. This may, just may be that which the appellant had reference. In his brief the appellant simply urges "the statute" is unconstitutional. "The statute" is not otherwise described or identified, and no argument is advanced in connection therewith. Appellant's contention is overruled.

The judgment is affirmed.

ized need for the same. *United States v. Smith,* supra; *State v. Goodall,* 407 A.2d 268

(Me.1979). Thus the viability of the opinion on rehearing in *Billie* must be questioned.