Melvin Maurice **WHITURS**, Appellant,

v.

The **STATE** of Texas, Appellee.

Nos. 05–81–00741 CR, 05–81–00742 CR.

Court of Appeals of Texas, Dallas.

Sept. 24, 1982.

C. Tony Wright, Dallas, for appellant.

Henry M. Wade, Dist. Atty., Deborah E. Farris, Asst. Dist. Atty., Dallas, for appellee.

Before CARVER, VANCE and GUILLOT, JJ.

CARVER, Justice.

Melvin Maurice Whiturs appeals his convictions in two cases tried together for the offenses of driving while intoxicated and for unlawfully carrying a weapon, upon which offenses he was sentenced to six months confinement. We affirm because Whiturs' brief fails to comply with Tex. Code Crim.Pro.Ann. art. 40.09(9) (Vernon Supp.1981) and, thus, offers no points of error we may consider.

Whiturs' brief urges two points of error which we reproduce:

Appellant's first assignment of error is that the Trial Court errored (sic) in allowing the State of Texas to introduce into evidence the results of the breathalyzer test which was administered to the Defendant upon his arrest. Being unable to produce the examiner of said test, the State of Texas was allowed to introduce the results by having the operator's trainer testify to the fact that the test was properly administered, that the operator understood the scientific theory of the machine and that the operator was properly trained to administer the test.

Appellant's second assignment of error is that the Trial Court errored (sic) in allowing the State of Texas to introduce into evidence that Federal law prohibits a person on felony probation from possessing or transporting a firearm.

It is seen that each of Whiturs' complaints must necessarily rest upon a portion, or portions, of the statement of facts; however, Whiturs' brief fails to contain any reference to any page, or pages, of the statement of facts demonstrating the actual occurrence of those errors of which Whiturs now makes his complaints.

Our Legislature has required that every appealing party shall, as a condition for consideration of his appeal, file a brief whose content is specified by art. 40.09(9). Subsection 9 provides:

Within 30 days after approval of the record by the court, the appellant shall file with the clerk of the appellate court the original and three copies of his appellate brief, or the number of copies required by the rules of the court of criminal appeals. The rules may not require him to file more than 10 copies. This brief shall set forth separately each ground of error of which the appellant desires to complain on appeal and may set forth such arguments as he deems appropriate. Each ground of error shall briefly refer to that part of the ruling of the trial court, charge given to the jury, or charge refused, admission or rejection of evidence, or other proceedings which are designated to be complained of in such way as that the point of objection can be clearly identified and understood by the court. If the appellant includes in his brief arguments supporting a particular ground of error, they shall be construed with it in determining what point of objection is sought to be presented by such ground of error; and if the court, upon consideration of such ground of error in the light of arguments made in support thereof in the brief, can identify and understand such point of objection, the same shall be reviewed notwithstanding any generality, vagueness, or any other technical defect that may exist in the language employed to set forth such ground of error.

In *Cook v. State,* 611 S.W.2d 83 (Tex.Cr. App.1981) the court applied art. 40.09(9) and held that:

Nowhere, simply nowhere, does the appellant call our attention to any portion of the record or refer to any page number where he contends that his cross-examination was limited. Such contention does not comport with the requirements of Article 40.09, Section 9, V.A.C.C.P. Nothing is presented for review. *Lacy v. State,* 450 S.W.2d 640 (Tex.Crim.App. 1970). This court with its tremendous caseload should not be expected to leaf through a voluminous record hoping to find the matter raised by appellant and then speculate whether it is that part of the record to which appellant had reference.

*Id.* at 87. The holding in *Cook* is not new to our jurisprudence but, instead, is a faithful

obedience to the principle of *stare decisis.* *See Brown v. State,* 605 S.W.2d 572 (Tex.Cr. App.1980); *Brasfield v. State,* 600 S.W.2d 288 (Tex.Cr.App.1980); *Wells v. State,* 576 S.W.2d 857 (Tex.Cr.App.1979); *Williams v. State,* 566 S.W.2d 919 (Tex.Cr.App.1978); *Williams v. State,* 549 S.W.2d 183 (Tex.Cr. App.1977); *Smith v. State,* 540 S.W.2d 693 (Tex.Cr.App.1976); *Davis v. State,* 529 S.W.2d 547 (Tex.Cr.App.1975); *Gibson v. State,* 516 S.W.2d 406 (Tex.Cr.App.1974); *Collins v. State,* 502 S.W.2d 743 (Tex.Cr. App.1973); *Hafti v. State,* 487 S.W.2d 745 (Tex.Cr.App.1972). We have discovered no precedent to the contrary.

In the light of the enactment by our Legislature of art. 40.09(9), and in the light of the unbroken precedent of the Court of Criminal Appeals as to the application thereof, we must hold that Whiturs' brief omitting any references to the statement of facts has failed to present any trial court error for review; consequently, the trial court's judgment is affirmed.