COURT OF APPEALS
FIFTH SUPREME JUDICIAL DISTRICT OF TEXAS
AT DALLAS

NO. 05-83-01318-CR

JOHN DONALD MASSOUD,                          FROM A DISTRICT COURT

    APPELLANT,

V.

THE STATE OF TEXAS,

    APPELLEE.                          OF DALLAS COUNTY, TEXAS

---

BEFORE JUSTICES STEPHENS, WHITHAM AND GUILLOT
OPINION BY JUSTICE STEPHENS
MARCH 4, 1985

John Donald Massoud, convicted by a jury of criminal solicitation to commit aggravated robbery and sentenced to seven years imprisonment, appeals. In ten grounds of error, appellant contends that: (1) his conviction, after a prior mistrial, constituted double jeopardy; (2) he was denied due process because the prosecutor failed to disclose evidence, material to guilt or punishment, after a discovery motion was filed; (3) the trial court abused its discretion by surpressing evidence material to the defense; (4) the trial court erroneously admitted testimony of an extraneous offense or transaction; (5) the trial

-1-

court erroneously permitted hearsay testimony to be elicited during trial; (6) he was denied effective assistance of counsel; (7) the indictment was fundamentally defective; (8) the evidence was insufficient to sustain a conviction; (9) the court erroneously stated the elements of aggravated robbery in its charge; and (10) the court's charge improperly enlarged the indictment. We disagree with each contention and, accordingly, affirm.

In his first ground of error, appellant contends his conviction is barred by double jeopardy. Although the record reflects appellant orally moved for dismissal of the proceedings on double jeopardy grounds, he failed to file a verified written motion as required by TEX. CODE CRIM. PROC. ANN. articles 27.05 (Vernon Supp. 1985) and 27.06 (Vernon 1966). The question of double jeopardy is therefore not properly before this court. Murphy v. State, 669 S.W.2d 320 (Tex. Crim. App. 1983) en banc; Galloway v. State, 420 S.W.2d 721 (Tex. Crim. App. 1967). Appellant's first ground of error is overruled.

-2-

In his second and third grounds of error, appellant contends he was denied due process because evidence material to the issues of his guilt or punishment was not disclosed in accordance with Brady v. Maryland, 373 U.S. 83 (1967). We disagree.

The evidence of which appellant complains consists of two items. The first item is a recording of a telephone conversation between Jerry Banks, the prosecuting attorney, and Bob Denson, a private investigator who was employed by Bill Siefert, appellant's former partner, to obtain evidence for use in a civil action brought by appellant against Siefert. The second item is the Dallas Police Department's Internal Affairs file regarding official misconduct of two Dallas police officers, Falgout and Robertson. In response to appellant's request to review the evidence, the prosecutor submitted these two items to the court for an in camera inspection to determine whether they were discoverable. The court found that the items did not contain anything "exculpatory in nature or anything that would mitigate punishment" and declined to permit discovery. We conclude that

-3-

by submitting the evidence to the court for a judicial determination of its discoverability, the prosecutor complied with the requirements of Brady. See United States v. Agurs, 427 U.S. 97 (1978).

Having concluded the prosecutor's action did not violate appellant's right to due process, we now consider whether the trial court abused its discretion in denying appellant access to the evidence. The standard of review we must follow is whether the evidence sought is material to appellant's defense. Whitechurch v. State, 650 S.W.2d 424, 425 (Tex. Crim. App. 1983), en banc; Ouinones v. State, 592 S.W.2d 933 (Tex. Crim. App. 1980), en banc, cert. denied, 449 U.S. 893 (1980). In determining materiality, the omission must be evaluated in the context of the entire record and constitutional error is committed only if the omitted evidence creates a reasonable doubt that did not otherwise exist. Whitechurch, 650 S.W.2d at 425.

After fully reviewing the evidence of which appellant complains, we conclude that, in light of the entire record,

-4-

appellant was not denied access to any evidence material to his defense. The file revealed that the two police officers had been employed, contrary to police department policy, by Denson to assist him in obtaining evidence for the civil trial between appellant and Siefert. When the officers realized that a criminal matter was developing, they immediately discontinued their employment with Denson, and in fact refused to accept any pay from Denson for the work already done. Banks did not learn of the two officers' participation in the investigation of the civil matter until he was preparing for trial. Immediately upon learning of their involvement, Banks initiated a telephone call to Denson, the taped telephone conversation in issue, verifying the officers' involvement. He then consulted with District Attorney Henry Wade and reported the matter to the Dallas Police Department.

All of these matters were fully developed at trial, except the fact that the telephone conversation shows that Banks and Denson were acquaintances, and that Banks had in fact visited in

Denson's home, socially, on one or more previous occasions.

Appellant contends that the undeveloped evidence is material to show a conspiracy between Siefert and the district attorney's office to "set-up" appellant. This contention is without merit. First, Banks was not involved in the police investigation of appellant's criminal activities and was unaware of the officer's prior involvement in the civil case until he was preparing for trial. Next, Banks' actions, after learning of the officer's involvement, were inconsistent with appellant's allegation of a conspiracy. Further, we note that this theory is different from appellant's theory during trial. At trial appellant admitted his conversations with Sergeant Amos, the police investigator in charge of the criminal investigation, but denied any criminal intent to harm Bill Siefert. He testified that he believed Amos was working for Denson and that he was going along with Amos, hoping to gather evidence against Siefert. As we have stated previously, the excluded evidence showing the relationship between Falgout, Robertson, Denson, and Siefert, as well as the

-6-

evidence describing Amos' role in the investigation, was fully developed at trial. There was never any question that Officers Falgout, Robertson, and Amos were "setting-up" appellant in the sense that they were working undercover to gather evidence to be used against him. The issue, resolved by the jury against appellant, was not whether Amos was actually a "hit-man," but whether appellant possessed the requisite criminal intent, that is, whether he actually believed Amos would harm Siefert. Appellant's allegation of a conspiracy extending to the district attorney's office is not only unsupported by the evidence, but is immaterial to the question of that intent. Appellant's grounds of error two and three are overruled.

In his fourth ground of error, appellant contends the court erroneously permitted testimony of an extraneous offense or transaction. Danny Wood testified that appellant attempted to purchase dynamite from him and inquired whether two or three sticks of dynamite wrapped in foam rubber was sufficient to blow up a four to five thousand square foot building. He further

testified that appellant told him he wanted the building destroyed because the person who owned the building owed him approximately five hundred thousand dollars. Wood was called as a witness after appellant had testified and had affirmatively denied his criminal intent, and had further denied making any statements to Wood regarding purchasing dynamite or destroying a building. Although evidence of extraneous offenses is generally not admissible, the evidence in this case was admissible to show intent or scheme, or to refute appellant's defensive theory. Sewell v. State, 629 S.W.2d 42 (Tex. Crim. App. 1982); Chambers v. State, 601 S.W.2d 360 (Tex. Crim. App. 1980). Appellant's fourth ground of error is overruled.

In his fifth ground of error, appellant complains the court erroneously permitted the introduction of hearsay evidence. First, appellant contends the testimony of Joe McMurtrie is "full of hearsay." No objection was made during trial, and, on appeal, appellant fails to identify the specific testimony of which he is complaining. Therefore, nothing is presented for review. Cook

v. State, 611 S.W.2d 83 (Tex. Crim. App. 1981). Next, appellant complains the tapes of conversations between appellant and Amos were hearsay because the State failed to properly authenticate the tapes. The record reflects that appellant's counsel affirmatively waived objection to the introduction of the tapes and that appellant later testified that he had no reason to doubt the authenticity of any of the tapes. Error, if any, was therefore invited, and now appellant may not be heard to complain. Ex parte Guerrero, 521 S.W.2d 613 (Tex. Crim. App. 1975). Next, appellant complains that the testimony of Captain Oney is "rank hearsay." Appellant cites no reference to the record indicating where the error complained of occurred; therefore, nothing is presented for review. Brown v. State, 605 S.W.2d 572 (Tex. Crim. App. 1980). Further, Captain Oney testified only during the punishment phase of the trial. Since the court determined punishment, we must presume it disregarded any inadmissible testimony. Keen v. State, 626 S.W.2d 309 (Tex. Crim. App. 1981). Finally, appellant complains the entire

testimony of Cheryl Jerome should be stricken from the record because she is currently employed by the Dallas County Attorney's office and her testimony was therefore in violation of the Texas Code of Professional Responsibility. The record reflects that Jerome was not employed by the District Attorney's office when she testified in this case. Appellant cites no authority that a person's testimony must never be considered if he or she later becomes associated with one of the attorneys involved in the litigation. We find none. Therefore, nothing is presented for review. Brooks v. State, 642 S.W.2d 791 (Tex. Crim. App. 1982). Appellant's fifth ground of error is overruled.

In his sixth ground of error appellant contends that he was denied effective assistance of counsel because his attorney repeatedly failed to object to the introduction of "inadmissible hearsay evidence and extraneous offenses." Appellant fails to direct this Court's attention to the record indicating where these omissions by counsel occurred; therefore, nothing is presented on review. Cook, 611 S.W.2d at 87. Appellant's

-10-

sixth ground of error is overruled.

In his seventh ground of error, appellant contends the indictment is fundamentally defective because it fails to allege all of the essential elements of robbery. We disagree. Upon review of the indictment, we conclude that the indictment adequately set out the elements of both criminal solicitation, TEX. PENAL CODE ANN. Sec. 15.03 (Vernon 1974), and aggravated robbery, TEX. PENAL CODE ANN. Sec. 29.02, 29.03 (Vernon 1974). See Rohlfing v. State, 612 S.W.2d 598 (Tex. Crim. App. 1981). Appellant's seventh ground of error is overruled.

In his eighth ground of error, appellant contends the evidence is not sufficient to support a conviction. We disagree. When the sufficiency of the evidence is challenged, the standard of review is, viewing the evidence in the light most favorable to the verdict, whether any rational trier of fact could have found the elements of the crime beyond a reasonable doubt. Wilson v. State, 654 S.W.2d 465 (Tex. Crim. App. 1983). During one of the taped conversations between appellant and Amos, appellant told

-11-

Amos he wanted Siefert's "right hand broke, his arm broke . . . and . . . one leg broke." During a different conversation he stated, "why don't you act like you're gonna rob this boy -- make it look good." He told Amos he wanted the business cards out of Siefert's billfold, but that Amos could keep Siefert's watch, rings, and any money. We conclude the evidence is sufficient to support the conviction. Appellant's eighth ground of error is overruled.

In his ninth ground of error, appellant contends the trial court committed fundamental error by failing to instruct the jury on the correct elements of aggravated robbery. We have reviewed the definitions in the court's charge which appellant urges were erroneous, and find no error. The court's omission of the word "recklessly" and its further omission of the alternative element of "intentionally or knowingly threatens or places another in fear of imminent bodily injury or death," from the definition of robbery, TEX. PENAL CODE ANN. §29.02 (Vernon 1974), benefitted appellant by restricting the elements of the charge for which

appellant could have been found guilty.  Error, if any, was therefore harmless.  Since no objection was made at trial and fundamental error was not committed, nothing is presented for review.  Henderson v. State, 117 S.W.2d 697 (Tex. Crim. App. 1981).

In his final ground of error, appellant contends the court's charge has enlarged the indictment. We disagree. The indictment alleges that appellant "did unlawfully, then and there with intent that a felony of the first degree be committed, namely: aggravated robbery, knowingly and intentionally request, command, and attempt to induce another . . ." (emphasis added).  The court's charge tracks this language, however, it omits the word "command", and substitutes the word "or" for the word "and." The omission of the word "command" in the charge restricted rather than enlarged the indictment.  Error, if any, caused by the court's omission, was therefore harmless.  Further, since appellant failed to object to the charge, nothing is presented for review.  White v. State, 610 S.W.2d 504 (Tex.

-13-

Crim. App. 1981). Finally, it is not error for the indictment to allege the different ways of committing the offense in the conjunctive and for the jury to be charged disjunctively. Vasquez v. State, 665 S.W.2d 484 (Tex. Crim. App. 1984) en banc; Vaughn v. State, 634 S.W.2d 310 (Tex. Crim. App. 1982). Appellant's final ground of error is overruled.

Affirmed.

BILL J. STEPHENS
JUSTICE

Do Not Publish
Rule 207

-14-