Devine v. State 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,


AT AUSTIN



 




NO. 3-90-062-CR




JOHN P. DEVINE,


APPELLANT


vs.



THE STATE OF TEXAS,


APPELLEE

AND



NO. 3-90-073-CR




WILLIAM ROBISHAW,


APPELLANT


vs.



THE STATE OF TEXAS,


APPELLEE 



 



FROM THE COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY,

NOS. 328-562 AND 328-571, HONORABLE STEVE RUSSELL, JUDGE


 



PER CURIAM

 In a joint trial, John P. Devine and William Robishaw pleaded no contest to
criminal trespass at an abortion clinic and were each sentenced by a jury to 100 days in the county
jail and a $1,000.00 fine. 1981 Tex. Gen. Laws, ch. 596, § 1, at 2385 [Tex. Pen. Code § 30.05,
since amended]. In two points of error, appellants contend that the trial court erred in not
granting a mistrial for the State's alleged improper jury argument and for admitting evidence of
extraneous offenses not committed by appellants. We will affirm the judgments of conviction.

 In their second point of error, appellants contend that the trial court erred in
admitting evidence of extraneous offenses not committed by appellants. We are hampered in our
review of point of error two because appellants have not set out in their brief references to the
pages of the record regarding their complaint of improper admission of evidence. See Tex. R.
App. P. Ann. 74(f) (Supp. 1991). Thus, nothing is presented for review. Cook v. State, 611
S.W.2d 83, 87 (Tex. Cr. App. 1981). We assume, however, that appellants are referring to the
following:


REDIRECT EXAMINATION



 Questions by Mr. Coleman:


 . . .


 Q [To Sergeant Byford] Just one more question. There was quite a bit of
cross-examination about the preparation that you made to handle this
demonstration, and why it is you use a system of numbering people's
hands, and numbering their bags and why you had flex-cuffs. Could you,
please, tell us why it is you knew you were going to be required to number
people's hands, and use flex-cuffs and why it is you knew you were going
to be required to handle the situation the way you did.


 A As far as the use of flex-cuffs, because of the -- as I explained -- number
of people that were involved, officers were assigned as far as handcuffs --
due to the number of people that are involved in a situation like that, the
flex-cuffs are used because officers' handcuffs get lost and they will never
get their own back, and as far as --


 Q Go ahead.


 A As far as the numbering system, because of previous experience in similar
demonstrations that people do not give their names or would give, I guess,
a fictitious name, as such, we used a numbering system to make sure that
we knew who that person was and, you know, later at the booking facility
or booking desk we tried to obtain their true identification.


 Q I see. So, basically, it was because of previous experiences that you knew
you were going to have to do this?


 A Yes.


 Q Were some of those experiences from demonstrations at this same location?


 A Yes, sir.


 Q Were some of those experiences from demonstrations at other locations in
the city as well?


 A Yes, sir.


 Q All right. Just one more question. Do you know approximately how many
other locations the police have had experiences like this?


 MR. DUVALL: I object, Your Honor. It is irrelevant.


 THE COURT: Overruled.


 Appellants have waived any error that may have existed by their failure to make
a timely objection. Tex. R. App. P. Ann. 52(a) (Supp. 1991); Tex. R. Cr. Evid. Ann. 103(a)
(Supp. 1991). In addition, appellants also failed to object to the police officer's testimony on
cross-examination concerning the Austin police department's past experience with abortion clinic
protests. Point of error two is overruled.

 In their first point of error, appellants contend that the trial court erred in not
granting a mistrial for the State's alleged improper jury argument. The jury argument in question
was as follows:


 MR. COLEMAN: . . .


 . . .


 Now the legislature has laid out the range of penalty available for a crime
like this, and whether you agree with that range, whether you think the maximum
is too high or too low, that is the range that is available to you, and it is you ladies
and gentleman, who have the responsibility of enforcing the law right now.


 After I get through talking, this matter will be in your hands. The women
who were affected by this, the business people who were affected by this have
their interests placed in your hands. As you deliberate, and as you consider the
purpose of punishment, I ask you to bear in mind as well that this is not the first
time this particular organization has protested at this location.


 MR. DUVALL: Your Honor, I object. There is not one shred of evidence
about these defendants having been involved in any other demonstrations. The
organization is not on trial here.


 THE COURT: Overruled.


 MR. COLEMAN: There has been no evidence that these particular
defendants have protested on other occasions at this location or at other women's
clinics around the city. But the evidence is clear that they are a part of the
organization. The evidence is clear that they are convicted to their purposes, and
I suggest to you that that is evidence enough to assume that these people have done
this at times other than this particular --


 MR. DUVALL: I object, Your Honor.


 THE COURT: Sustained.


 MR. DUVALL: I ask the jury be admonished not to consider that.


 THE COURT: The jury is instructed to completely disregard the last
remark of the prosecuting attorney, and not consider it for any purpose in
deliberations.


 MR. DUVALL: May we approach the bench, Your Honor?


 THE COURT: You may.


 . . .


 THE COURT: . . . Let the record reflect that . . . in a bench conference
immediately before the jury retired, with the court reporter not present, the
defense asked for a mistrial based upon State's improper argument about
extraneous offenses outside the record.


 The Court having sustained the objection, and having instructed the jury to
disregard, denied the motion for mistrial.


 Even if we assume that the State's jury argument was improper, we hold that the
trial court's instruction to disregard cured any prejudicial effects the State's jury argument may
have caused. Franklin v. State, 774 S.W.2d 794, 797 (Tex. App. 1989, no pet.). The jury
argument in this cause is distinguishable from the case cited by appellants, Melton v. State, 713
S.W.2d 107 (Tex. Cr. 1986). There the Court of Criminal Appeals held that on the facts of the
case an instruction to disregard could not cure the State's jury argument that imputed to the
defendants the responsibility for the theft of 300 pieces of heavy equipment. The allegedly
improper jury argument in this cause is not so inflammatory that its prejudicial effect could not
reasonably be removed by the instruction. Point of error one is overruled.


 The judgments of conviction are affirmed.



[Before Chief Justice Carroll, Justices Aboussie and Jones]


Affirmed


Filed: April 17, 1991


[Do Not Publish]