IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-92-100-CR





MARK EDWARD PIERCY,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 




FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT



NO. CR-91-72, HONORABLE CHARLES R. RAMSAY, JUDGE



 




PER CURIAM

 A jury found appellant guilty of unauthorized use of a vehicle. Tex. Penal Code
Ann. § 31.07 (West 1989). The district court assessed punishment, enhanced by previous felony
convictions, at imprisonment for thirty-six years.

 In his first point of error, appellant complains that the district court refused to grant
a continuance of his trial and appoint an expert to examine appellant relative to his sanity at the
time of the offense. Appellant's brief contains no argument or citations of authority in support
of the point.

 Appellant did not file a written motion for continuance. Tex. Code Crim. Proc.
Ann. art. 29.03 (West 1989). We have examined the statement of facts at the pages referred to in appellant's brief and find no oral motion for continuance. Insofar as the alleged denial of
a continuance of trial is concerned, nothing is presented for review.

 Appellant did not file a notice of intention to offer evidence of the insanity defense. 
Tex. Code Crim. Proc. Ann. art. 46.03, §§ 2(a), 3(a) (West 1979). At the time appellant orally
requested the appointment of an expert, the only factual support for the motion was counsel's brief
hearsay statement relating a conversation he had with a doctor in San Antonio. No attempt was
made to call this doctor to testify, nor was any affidavit from the doctor tendered. Under the
circumstances, the court did not abuse its discretion by refusing to appoint an expert to examine
appellant. The first point of error is overruled.

 In his second point of error, appellant contends that trial counsel rendered him
ineffective assistance. Appellant's argument in support of this contention, in its entirety, is that
"[t]rial counsel in this case angered the jury during voir dire and prejudiced defendant's case by
quizzing the jury at length unnecessarily and by making numerous, worthless objections
throughout the entire trial." Appellant's brief does not refer this Court to any page in the record
at which trial counsel prejudicially "quizzed" the jury, otherwise angered the jury during voir
dire, or made a "worthless" objection during trial. Nothing is presented for review. Cook v.
State, 611 S.W.2d 83, 87 (Tex. Crim. App. 1981). Point of error two is overruled.

 The judgment of conviction is affirmed.


[Before Justices Powers, Aboussie and B. A. Smith]

Affirmed

Filed: October 7, 1992

[Do Not Publish]