Affirmed and Memorandum Opinion filed March 8, 2011.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-10-00002-CR

___________________

 

LARRY DARNELL BARRINGER, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee



 



 

On
Appeal from the 184th District Court

Harris County,
Texas



Trial Court Cause No. 1182459

 



 

 

MEMORANDUM OPINION

A jury
convicted appellant of aggregate theft by a governmental contractor.  On
December 14, 2009, the trial court sentenced appellant to confinement for twenty-two
years in the Institutional Division of the Texas Department of Criminal Justice. 
Appellant timely filed a notice of appeal.  We affirm.

Appellant is a licensed professional
counselor.  He was indicted for aggregate theft in excess of $100,000,
committed in the years from 2000 to 2004.  The State presented evidence
appellant fraudulently billed Medicaid approximately $167,000 for services he
never performed.  Appellant raises two issues on appeal.

In his first issue, appellant
claims the trial court improperly allowed inadmissible hearsay regarding
appellant’s services into evidence.  Appellant refers to the following exchange
during the testimony of Russell Bliese, a certified fraud specialist working as
an investigator with the State of Texas Attorney General’s Office, Medicaid
Fraud Control Unit:

[THE STATE]:  . . . Did you have the opportunity to meet
with an individual by the name of Nell Robertson?

[Russell Bliese]:  Yes.

[THE STATE]:  And I will show you a photograph that’s been
previously admitted as State’s Exhibit No. 14.  Do you recognize who is in this
photograph?

[Russell Bliese]:  Yes.

[THE STATE]:  And who is that person?

[Russell Bliese]:  Nell Robertson.

[THE STATE]:  And did you have the opportunity to visit
with Ms. Nell Robertson?

[Russell Bliese]:  Yes.

[THE STATE]:  And did she provide you a statement about
whether or not she knew Mr. Barringer?

[Russell Bliese]:  Yes, she did. 

[THE STATE]:  And did she identify Mr. Barringer?

            [DEFENSE COUNSEL]: Objection, Your Honor. 
Calls for hearsay and the response calls – is based on hearsay information.

            [THE COURT]: You will have to lay a predicate,
if this was a photospread or a lineup, so I can see if there is an exception to
the hearsay rule.

[THE STATE]: After you interviewed Ms. Robertson, did you
feel it was important to obtain a statement from her? 

The witness did not
answer the question after the objection was made.  The State then asked a
different question and no further objection was made.  Although appellant
complains generally about other alleged hearsay evidence, “the admission of
hearsay must be preserved with a timely and specific objection to the
evidence.”  Moore v. State, 935 S.W.2d 124, 130 (Tex. Crim. App. 1996)
(citing Turner v. State, 805 S.W.2d 423, 431 (Tex. Crim. App. 1991).  Appellant
does not refer this court to any other objections in the record.  See Tex.
R. App. P. 38.1(i).  Appellant has not shown his complaint on appeal was made
to the trial court.  See Tex. R. App. P. 33.1(a)(1).  Accordingly, nothing
is presented for our review.  Issue one is overruled.

Appellant’s second issue
asserts that his rights under the Confrontation Clause were violated by the admission
of hearsay evidence regarding individuals the defense was not able to
cross-examine.  See U.S. Const. Amend. VI; and Crawford v.
Washington, 541 U.S. 36, 68, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004).  Appellant
asserts that witnesses were allowed to testify at trial about the counseling treatment
received by family members and alleges the testimony was hearsay.

The only witness identified
in appellant’s brief is Manda Denton Lagway.  Appellant billed Medicaid for
counseling services provided to Lagway and her three children.  Appellant claims
Lagway’s testimony regarding the services provided to her children was
hearsay.  However, Lagway did not testify to any statement made by her children
or appellant.  See Tex. R. Evid. 801(d) (“‘Hearsay’ is a statement,
other than one made by the declarant while testifying at the trial or hearing,
offered in evidence to prove the truth of the matter asserted.”)  Furthermore, Lagway
testified she was present and listened to appellant’s counseling sessions with her
children.  She did not, as appellant suggests, testify based on what she was
told by her children.  Lagway’s testimony
was not hearsay.

Concerning any other
witness, as well as Lagway, we note that a party is required to present a
timely, specific objection and obtain a ruling by the trial court.  See
Tex. R. App. P. 33.1; Mendez v. State, 138 S.W.3d 334, 340-41 (Tex. Crim.
App. 2004).  “[T]he failure to object in a timely and specific manner during
trial forfeits complaints about the admissibility of evidence. This is true
even though the error may concern a constitutional right of the defendant.”  Saldano
v. State, 70 S.W.3d 873, 889 (Tex. Crim. App. 2002).  To preserve error on
confrontation clause grounds, the general preservation rule must be followed.  See
Paredes v. State, 129 S.W.3d 530, 535 (Tex. Crim. App. 2004) (“Appellant
failed to preserve error on Confrontation Clause grounds at trial”). 

No objection on
confrontation clause grounds was made to Lagway’s testimony. Appellant makes no
reference to the record where a complaint that his rights under the
confrontation clause had been violated was made to the trial court.  See Tex.
R. App. P. 33.1(a)(1) and 38.1(i).  An appellate court has no duty to make an
independent search of the record to determine whether an assertion of
reversible error has merit.  See Cook v. State, 611 S.W.2d 83, 87 (Tex.
Crim. App. [Panel Op.] 1981); and Pratt v. State, 907 S.W.2d 38, 47
(Tex. App. – Dallas 1995, writ denied).  Appellant has therefore waived this
issue.  Issue two is overruled.

The judgment of the
trial court is affirmed.

                                                                                                                                                                                                                                    /s/        Martha
Hill Jamison

                                                                                    Justice

 

 

Panel consists of Justices
Brown, Boyce, and Jamison.

Do Not Publish — Tex.
R. App. P. 47.2(b).