Gregorio MARQUEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–87–00340–CR.

Court of Appeals of Texas,
San Antonio.

Aug. 17, 1988.

Rehearing Denied Sept. 22, 1988.

Jose Eduardo Pena, Pena, Pena, & Pena, Laredo, for appellant.

Julio Garcia, Dist. Atty., Laredo, for appellee.

Before ESQUIVEL, BUTTS and CANTU, JJ.

---

**102**

## OPINION

ESQUIVEL, Justice.

This is an appeal from a judgment of conviction in a murder case. We affirm.

In a jury trial appellant was found guilty of the offense of murder. The jury assessed his punishment at ninety-nine (99) years' confinement and a fine of $5,000.00.

Appellant brings forth two points of error in this appeal. We will discuss his second point first.

■ In his second point of error appellant complains of the sufficiency of the evidence to sustain the conviction. Appellant argues that since the only two eyewitnesses to the shooting admitted during trial that at the time of the shooting they were under the influence of alcohol, the eyewitnesses were unworthy of belief. Appellant further argues that there were certain discrepancies in the testimony of the two eyewitnesses, namely: the color of appellant's trousers at the time of the shooting, the color of the gun that appellant used when he shot the deceased, and the jewelry worn by appellant at the time of the shooting; that there was an inconsistency between one of the witness's in-court testimony with the witness's out-of-court testimony as to when the witness first met the appellant; and finally, that because one of the witnesses was initially arrested for the murder for which appellant was convicted the witness's testimony was "tainted." Appellant contends that the discrepancies, the inconsistencies, and the "tainted" testimony make the testimony of both witnesses "not worth of credibility sufficient to sustain appellant's conviction." We disagree.

It is axiomatic that credibility of a witness is the province of the jury. It is the province of the jury to judge the credibility of witnesses and the weight to be given their testimony, and the jury may resolve or reconcile conflicts in testimony. *Villarreal v. State*, 685 S.W.2d 449 (Tex.App.—San Antonio 1985, pet. granted), *aff'd*, 708 S.W.2d 845 (Tex.Crim.App.1986). Appellant by his point of error is attempting to get this Court to invade the province of the jury, which we refuse to do.

In reviewing the sufficiency of the evidence to support a conviction based upon direct evidence, the evidence is viewed in the light most favorable to the verdict. *Flournoy v. State*, 668 S.W.2d 380 (Tex. Crim.App.1984). Viewed in such light, we find the evidence in the case before us sufficient that a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. The point of error is overruled.

■ In his initial point of error appellant contends that the trial court erred in denying appellant's motion for mistrial based on the failure of the State to produce the out-of-court written statement of a witness pursuant to the provisions of TEX.R.CRIM. EVID. 614, as well as the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

In support of his contention appellant asserts that the court erred because the failure of the State to produce the second page of a witness statement deprived appellant of an opportunity to effectively cross-examine and impeach the witness by use of his out-of-court written statement.

Rule 614 became effective September 1, 1986. It reads in pertinent parts as follows:

(a) Motion for production. After a witness other than the defendant has testified on direct examination, the court, on motion of a party who did not call the witness, shall order the attorney for the state ..., to produce, for the examination and use of the moving party, any statement of the witness that is in their possession and that relates to the subject matter concerning which the witness has testified.

(b) Production of entire statement. If the entire contents of the statement relate to the subject matter concerning which the witness has testified, the court shall order that the statement be delivered to the moving party.

\* \* \* \* \* \*

(e) Sanction for failure to produce statement. If the other party elects not to comply with an order to deliver a statement to the moving party, the court ..., if it is the attorney for the state who elects not to comply, shall declare a mistrial if required by the interest of justice.

Prior to the enactment of Rule 614, our scope of review of a trial court's denial of an accused's request made during cross-examination for purposes of impeachment for access to written statements of witnesses was whether the trial court's action was an abuse of discretion and that the accused was harmed by such ruling. *See Gaskin v. State,* 172 Tex.Crim. 7, 353 S.W.2d 467 (1961) and its progeny, *Darrington v. State,* 493 S.W.2d 244 (Tex.Crim.App.1973), *Norman v. State,* 575 S.W.2d 34 (Tex.Crim. App.1979), and *Patterson v. State,* 598 S.W.2d 265 (Tex.Crim.App.1980). The provisions of Rule 614 now govern the production of witnesses' statements.

Under the provisions of Rule 614 if the requested statement is in the possession of the State, a trial court, upon timely request by the accused, must order the attorney for the State to produce such statement if it relates to the subject matter to which the witness testified. In the instant case it is clear from the record that the first page of the witness's written statement was given to the accused and the second page was not. The record further reflects that the second page was missing and was never in the possession of the State. We have been unable to find anywhere in the record an order, either verbal or written, from the court directing the State to deliver the missing second page of the witness's written statement to the accused. Accordingly, the provisions of Rule 614 were not violated in the instant case. No error has been shown by appellant. The point of error is overruled.

The judgment is affirmed.