Donald Frank GUILDER, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–88–00632–CR.

Court of Appeals of Texas,
Dallas.

May 25, 1990.

Rehearing Denied July 20, 1990.

John H. Hagler, Dallas, for appellant.
Jeffrey Keck, Dallas, for appellee.

Before WHITHAM, LAGARDE and KINKEADE, JJ.

## OPINION

WHITHAM, Justice.

Opinion Following Abatement of Appeal for *Batson* Hearing.

Appellant appeals his conviction for unlawful possession of a controlled substance. On original submission, in his second point of error, appellant contended that the trial court erred in refusing to allow the defense attorney to cross-examine the prosecutor regarding his use of peremptory challenges. We agreed, abated his appeal, and remanded the cause to the trial court for a *Batson*[1] hearing pursuant to this Court's decision in *Williams v. State*, 767 S.W.2d 872 (Tex.App.—Dallas 1989, pet. ref'd). The trial court conducted a hearing, allowing defense counsel to cross-examine the prosecutor regarding his use of peremptory challenges. At the conclusion of the *Batson–Williams* hearing, the trial judge found "that the State did not exercise its peremptory challenges in a racially discriminatory manner." We now must address appellant's remaining points of error—including his claims of *Batson* error.

In his first point of error, as well as his first supplemental point of error, appellant complains of *Batson* errors at trial and of errors occurring at the *Batson–Williams* hearing. After reviewing the record, we note that the voir dire proceedings are not before us—there is no statement of facts of the voir dire proceedings within the record on appeal.[2] This

---

1. *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).

2. It is apparent that a statement of facts of the voir dire proceedings exists, since during the *Batson–Williams* hearing, defense counsel cross-examined the prosecutor from it and even intro-

Court has held that a *Batson* complaint cannot be reviewed in the absence of a transcription of the complete voir dire examination. *Reed v. State*, 751 S.W.2d 607, 610 (Tex.App.—Dallas 1988, no pet.). "The burden is on the appellant, or other party seeking review, to see that a sufficient record is presented to show error requiring reversal." TEX.R.APP.P. 50(d). Having failed to do so, appellant has waived any error. We overrule appellant's first point of error and appellant's first supplemental point of error.

■■■■ In his second supplemental point of error, appellant contends that the trial court erred in refusing to allow the defense attorney to examine the prosecutor's notes during the examination of the prosecutor. We disagree. During the *Batson–Williams* hearing, the prosecutor stated that he had prepared some personal notes regarding the jury selection. Defense counsel then requested that he be allowed to examine such notes during the cross-examination of the prosecutor. To such request, the trial court responded as follows:

> You may see them with the exception of [the prosecutor's] personal notes. I will not allow you to see those but otherwise, yes.

The State argues that the prosecutor's notes constitute work product and are therefore privileged. We agree. In the case of *State v. Antwine*, 743 S.W.2d 51, 67 (Mo.1987), *cert. denied*, 486 U.S. 1017, 108 S.Ct. 1755, 100 L.Ed.2d 217 (1988), which was quoted at length by our Court of Criminal Appeals in the leading *Batson* case in Texas, *Keeton v. State*, 749 S.W.2d 861 (Tex.Crim.App.1988), the Missouri Supreme Court held that a prosecutor's trial notes taken during voir dire were work product and, therefore, privileged—that "[t]he impressions formed by a prosecuting attorney during voir dire constitute his opinions." *Antwine*, 743 S.W.2d at 67; *accord People v. Mack*, 128 Ill.2d 231, 131

Ill.Dec. 551, 559, 538 N.E.2d 1107, 1115 (1989); *Foster v. State*, 258 Ga. 736, 374 S.E.2d 188, 192 (1988). We agree with the Missouri Supreme Court. Further, we reason that any notes prepared by the prosecutor in preparation for a *Batson* (or *Williams*) hearing also constitute his work product. Article 39.14 of the Texas Code of Criminal Procedure specifically excludes from discovery "the work product of counsel in the case and their investigators and their notes or report." An attorney's files and papers are work product and are therefore privileged. *Brem v. State*, 571 S.W.2d 314, 322 (Tex.Crim.App. [Panel Op.] 1978). *Batson* does not create an exception to the work product privilege. *See Antwine*, 743 S.W.2d at 67. Thus, the determination of what materials are discoverable by the defense being committed to the discretion of the trial court, the trial court's ruling will not be disturbed in the absence of an abuse of discretion. *See Quinones v. State*, 592 S.W.2d 933 (Tex.Crim.App.), *cert. denied*, 449 U.S. 893, 101 S.Ct. 256, 66 L.Ed.2d 121 (1980).

■■■ In his brief, appellant contends that under rule 614 of the Texas Rules of Criminal Evidence the prosecutor's notes were subject to his examination as statements that "relate[ ] to the subject matter concerning which the witness has testified." Under rule 614(f) a "statement" of a witness is defined as:

> (1) a written statement made by the witness that is signed or otherwise adopted or approved by him;
>
> (2) a substantially verbatim recital of an oral statement made by the witness that is recorded contemporaneously with the making of the oral statement and that is contained in a stenographic, mechanical, electrical, or other recording or a transcription thereof; or
>
> (3) a statement, however taken or recorded, or a transcription thereof, made by the witness to a grand jury.

---

duced it into evidence as Defense Exhibit No. 1 (see below). However, no such statement of facts was ever filed with this Court. Further, the statement of facts of the *Batson–Williams* hearing includes the following addendum:

"copy of Statement of Facts, voir dire proceedings, retained by the Court." Appellant does not complain of the trial court's action retaining the statement of facts of the voir dire proceedings.

Tex.R.Crim.Evid. 614(f). The prosecutor's notes, in this case, by their very nature preclude applicability of paragraphs (2) and (3) above. Thus, unless the prosecutor's notes constitute a statement under paragraph (1) above, rule 614 is inapplicable. We conclude that since appellant does not argue that the notes were signed or otherwise adopted or approved by the prosecutor and there is no evidence showing such, the notes do not constitute a "statement" within the meaning of rule 614. Therefore, we conclude that it was not error for the trial court to refuse to allow the defense attorney to examine the prosecutor's notes during his cross-examination of the prosecutor. We overrule appellant's second supplemental point of error.

■ In his third supplemental point of error, appellant contends that he was denied effective assistance of counsel due to the delay in conducting the *Batson* hearing. Appellant contends, under this point, that he is entitled to a reversal of his conviction because "the defense attorney ... did not have independent recollection of the entire voir dire proceedings and was, therefore, unable to proceed effectively." Appellant also urges that counsel was "unable to specifically recall his voir dire of certain jurors." We conclude appellant's point to be utterly without merit. The record of the *Batson–Williams* hearing reveals that appellant had a copy of the statement of facts from voir dire proceedings.[3] Indeed, the record shows that appellant even introduced said statement of facts as an exhibit and cross-examined the prosecutor extensively on its contents. Thus, the assertion that defense counsel's memory of the voir dire proceedings was faulty fails in light of the fact that counsel's memory, aided by the statement of facts of the voir dire proceedings, was refreshed. Further, while appellant asserts that he was denied effective assistance of counsel (counsel's failing memory evidently being the error denying appellant effective assistance), appellant fails to show that the deficient performance of counsel prejudiced his defense.

Both showings must be made for appellant to prevail. *See Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984).

■ In the present case, as in many which reach this Court, appellant's brief fails to address the issue of prejudice to the defense. Here, as in many cases, we read of defense counsel's deficiencies, but we are told nothing that would lead us to a conclusion that these deficiencies were prejudicial. Therefore, we begin our prejudice inquiry by concluding that the prejudice issue is a "non-issue" in the present case. We reason that, if the prejudice question was of any actual moment in the present case, appellant's brief would cite to the record and from the matters referenced construct an argument on which a conclusion of prejudice could be drawn. Appellant's brief does not. Importantly, appellant fails to direct us to evidence or circumstances showing that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different together with a reasoned argument leading to the conclusion that this reasonable probability is a probability sufficient to undermine the confidence in the outcome. *See Strickland,* 466 U.S. at 694, 104 S.Ct. at 2068. If we are to reach a conclusion of prejudice, then we must have reasoned argument. This Court should not be expected to leaf through a voluminous record hoping to find prejudice and then speculate whether it is that part of the record to which appellant must refer. *See Cook v. State,* 611 S.W.2d 83, 87 (Tex.Crim.App. [Panel Op.] 1981). Indeed, we decline to do so. In the present case, appellant stands silent on evidence or circumstances showing that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different together with a reasoned argument leading to the conclusion that this reasonable probability is a probability sufficient to undermine the confidence in the outcome. Consequently,

**3.** This is interesting in light of the fact that no such statement of facts is present in *our* record

(see Note 2 above).

there is nothing presented for review. *See Cook,* 611 S.W.2d at 87. Thus, we conclude that appellant's position on appeal shows the prejudice question to be of no real issue in this case. We conclude, therefore, that appellant failed to show that any deficient performance of counsel prejudiced the defense. Therefore, the second prong of the *Strickland* inquiry is not met. In short, we hold that it is not our duty to discover where prejudice is buried. Instead, appellants must show the locale and the State must convince us that no reversal may be found in that area. If an appellant fails to meet his burden, we overrule points of error pertaining to *Strickland's* prejudice inquiry. In the present case, appellant failed. We overrule appellant's third supplemental point of error. This should come as no surprise. We have earlier reminded appellate counsel that when "error" and "harm" are inquiries requiring an affirmative appellate answer to both in order for the appellant to prevail, then the harm issue must be addressed by appellant and not be left to the labors of the appellate court. In many instances arguing "error" only leaves appellate counsel's job half done. *See Sanchez v. State,* 722 S.W.2d 781, 784–85 (Tex.App.—Dallas 1987, pet. ref'd).

■ In his third point of error, appellant contends that the evidence is insufficient to support his conviction. In considering the sufficiency of the evidence, the standard of review is whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Houston v. State,* 663 S.W.2d 455, 456 (Tex.Crim.App.1984); *see Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1974). To support a conviction for possession of a controlled substance, the evidence must affirmatively link the accused to the contraband to such an extent that a reasonable inference arises that the accused knew of both the existence of the contraband and its whereabouts. The necessary "affirmative link" is established by facts and circumstances which establish a reasonable inference that the accused had knowledge of and control over the contraband. *Christopher v. State,* 639 S.W.2d 932, 935 (Tex.Crim.App.

[Panel Op.] 1982), *overruled on other grounds, Preston v. State,* 700 S.W.2d 227, 230 (Tex.Crim.App.1985). The possession of the contraband need not be exclusive. Evidence demonstrating that the accused had jointly possessed the contraband is sufficient to sustain a conviction for possession of a controlled substance. *Nunn v. State,* 640 S.W.2d 304, 305 (Tex.Crim.App. [Panel Op.] 1982). The defendant's presence at or near the location of the contraband is a factor which, when accompanied by other facts and circumstances that raise the reasonable inference regarding the accused's knowledge and possession (whether exclusive or not) of the contraband, will be sufficient to sustain a conviction. *See Hernandez v. State,* 538 S.W.2d 127, 130 (Tex. Crim.App.1976). This Court has held that other facts and circumstances which may be considered in linking the accused to the contraband include:

(1) That the contraband was in plain view of the accused;

(2) That the contraband was in close proximity to the accused and readily accessible to him.

(3) That the amount of contraband found is large enough to indicate that the accused knew of its presence.

(4) That the accused was closely related to other persons in joint possession of the contraband or who owned the premises or vehicle in which the contraband was found.

(5) That the conduct of the accused with respect to the contraband was such as to indicate his knowledge and control.

*Earvin v. State,* 632 S.W.2d 920, 924 (Tex. App.—Dallas 1982, pet. ref'd).

■ In the present case, the undisputed facts show the following: Ronald Hubner, a Dallas park police officer, testified that he was on routine patrol in a Dallas park on the morning of September 11, 1987, when he observed a vehicle parked on the grass near a pavilion. Officer Hubner exited his squad car and approached the vehicle, observing that appellant was a passenger in the vehicle. As he approached the front of the car, he observed appellant

"reach down with his right hand and place an object on the floorboard between his feet." When Officer Hubner reached the vehicle, he observed a syringe containing a clear white substance on the floorboard. The syringe was between appellant's feet. A back-up unit was called and appellant, along with another occupant of the car, was arrested. We conclude that the evidence shows:

(1) The contraband was lying in appellant's plain view on the floorboard of the car;

(2) the contraband was in close proximity to appellant and readily accessible to him;

(3) appellant exercised some degree of control over the contraband;

(4) the only other person in comparable proximity was the other occupant of the car;

(5) the conduct of appellant with respect to the contraband was such as to indicate his knowledge and control.

These circumstances, in our view, establish more than a suspicion or probability of appellant's guilt. Although no one of them might be sufficient in of itself, we conclude that when taken together, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Consequently, we hold that the evidence is sufficient to support appellant's conviction. We overrule appellant's third point of error.

In his fourth point of error, appellant contends that the prosecutor committed error when he attacked the appellant over the shoulders of his attorney.[4] During his closing argument, the prosecutor stated:

Now, if you all want to believe that he wasn't in possession of it from what you heard, cut him loose, let him go, because that's what he's asking you to do. He's talking to you about you can find that he was in possession of other contraband, about other bad things? We're not talking about that. We're talking about the

needle that was in front of him on that particular morning. *Playing games with you.*

(Emphasis added.) However, appellant's counsel, in his closing argument had stated the following:

In fact you could believe that he did it [reached to the floorboard of the car when the officer approached] *to hide some other contraband.*

\*  \*  \*  \*  \*  \*

The only thing that connects [appellant] with this offense, if it does, is that the officer at some time when he first observed the car, the two people in it, saw my client reach toward his leg, toward his shoe, toward the floorboard to pick something up—*any number of things.*

\*  \*  \*  \*  \*  \*

If you think he might have idly reached down to tie his shoe lace or scratch his ankle *or even to do something wrong not related to that syringe,* then it's your duty and your obligation to discharge your oath and vote not guilty....

(Emphasis added.) Thus, this complained-of comment is directed at the prior statement of appellant's counsel.

■■■■■ In order for an improper jury argument to constitute reversible error, it must be either extreme or manifestly improper or inject new and harmful facts. *Carter v. State,* 614 S.W.2d 821, 823 (Tex. Crim.App. [Panel Op.] 1981). Assuming, but not deciding, that the prosecutor's statement was improper and the trial court's failure to sustain appellant's objection thereto was error, we still cannot sustain appellant's point. We cannot say that the comment was one which was directed *at* appellant via his counsel, for the purpose of inflaming the minds of the jurors to the prejudice of the *accused. Todd v. State,* 598 S.W.2d 286, 297 (Tex.Crim.App. [Panel Op.] 1980) (emphasis in original). Instead, this statement of the prosecutor is directed in response to appellant's counsel's argument. Thus, assuming the statement

---

4. We note that appellant's fourth and fifth points of error direct this Court to the *prosecutor's* commission of error. This is clearly a misstatement since only the *trial court* can com-

mit error which can be the basis of a reversal. *Cf. Thiel v. State,* 676 S.W.2d 593, 595 (Tex. Crim.App.1984) (appellant must identify erroneous rulings of *court* to preserve error).

was improper, any error of the trial court in overruling appellant's objection was not reversible error. *See Todd*, 598 S.W.2d at 297. We overrule appellant's fourth point of error.

■■■ In his fifth point of error, appellant contends that the jury argument concerning the prosecutor's expectations of the jury constituted reversible error. In his final argument, the following discourse took place:

[PROSECUTOR]: The State of Texas has brought to you evidence. We've proven to you the elements in this indictment beyond a reasonable doubt, and that includes possession. I'll ask you to do the right thing because the evidence dictated it. What you heard from this witness stand surely shows that this man is guilty of the offense he's charged with.

Mr. Isaacks believed in you when he chose you on this jury. I believe in you now.

[DEFENSE COUNSEL]: Objection your Honor. It's a misstatement of the law and it's incurring favor of the jury. They didn't choose anybody. I object to that argument.

[THE COURT]: Overruled, Counsel.

Appellant may not, for the first time on appeal, urge error not raised at trial. The error presented on appeal must be the same as the objection raised before the trial court. *Nelson v. State*, 607 S.W.2d 554, 555 (Tex.Crim.App.1980). *See Montoya v. State*, 744 S.W.2d 15, 33 (Tex.Crim. App.1987). Since appellant does not complain in this appeal that the prosecutor's argument was "a misstatement of the law" or that it was "incurring favor of the jury," complaining instead that the argument asked the jury to resolve an issue based on the community's demands or expectations, appellant has not properly preserved his objection for review. *See Hodge v. State*, 631 S.W.2d 754, 757 (Tex.Crim.App.1982). Thus, we conclude that appellant has waived his fifth point of error. We overrule appellant's fifth point of error.

Affirmed.

## OPINION ON MOTION FOR REHEARING

Appellant filed his notice of appeal May 3, 1988. On original submission, this court abated appellant's appeal to allow appellant to cross-examine the prosecutor regarding his use of peremptory challenges pursuant to *Williams v. State*, 767 S.W.2d 872 (Tex. App.—Dallas 1989, pet. ref'd), and *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). The cause was reinstated April 4, 1990. Our opinion issued May 25, 1990. Simultaneous with the filing of his motion for rehearing on June 11, 1990, appellant filed his motion to supplement the record after submission. By his motion to supplement, appellant seeks to now place into the record the statement of facts of the voir dire proceedings that was prepared and filed as an exhibit during the *Batson* hearing in this case. The import of the requested supplementation is to cure appellant's waived *Batson* error. In our opinion following abatement, this court held that a *Batson* complaint cannot be reviewed in the absence of a transcription of the complete voir dire examination. *Guilder v. State*, 794 S.W.2d 765 (Tex.App. —Dallas 1990, n.w.h.). Hence, on motion for rehearing, appellant now urges this court to consider the *Batson* issue raised in his original and post-abatement briefs.

■■■ In this regard, we note the proper and legitimate function of a motion for rehearing. The function of a motion for rehearing is to present to the court the errors of law which have been committed by the court, in the opinion of the movant, together with such argument, authorities, and statements from the record which may, in the opinion of such movant, support the motion. *K & S Interests v. Texas Am. Bank/Dallas*, 749 S.W.2d 887, 891 (Tex. App.—Dallas 1988, writ denied) (on motion for reh'g); *Dewey v. American Nat'l Bank*, 382 S.W.2d 524, 528 (Tex.Civ.App.— Amarillo 1964, writ ref'd n.r.e.) (on motion for reh'g), *cert. denied*, 382 U.S. 821, 86 S.Ct. 49, 15 L.Ed.2d 67 (1965). We recognize that Texas Rule of Appellate Procedure 55(b) and (c) grants this court wide discretion to supplement the transcript or statement of facts so as to include omitted

matter. *K & S Interests,* 749 S.W.2d at 891; *see Archer v. Storm Nursery, Inc.,* 512 S.W.2d 82, 85 (Tex.Civ.App.—San Antonio 1974, no writ) (on motion for reh'g) (citing to repealed rules 428 and 429 of the Texas Rules of Civil Procedure). However, such discretion should not be exercised, *in the absence of some unusual circumstance,* so as to permit new material to be filed after the appellate court has written its opinion and rendered its judgment. Such action would be contrary to the spirit and purpose of Rules 54(b) (setting forth the appellate timetable) and 50(d) (placing the burden on appellant to see that a sufficient record is presented to show error requiring reversal) and would interfere with the orderly administration of justice. *See K & S Interests,* 749 S.W.2d at 891–92 (quoting from *Archer,* 512 S.W.2d at 85 [citing to repealed rules 386 and 413 of the Texas Rules of Civil Procedure] ).

██ Appellant evidently seeks to establish some unusual circumstances in his motion to supplement the record. There is no affidavit attached. We offer the following excerpt from appellant's motion to supplement:

> [D]uring the second *Batson* hearing conducted on 20 March 1989, a transcript of the voir dire proceedings was admitted into evidence. The supplemental Statement of Facts that was forwarded to this Court reflects that the transcription of the voir dire proceedings (D/E No. 1) was retained by the trial court and not forwarded to this Court with the supplemental Statement of Facts. The undersigned attorney was unaware of the fact that the transcription of the voir dire proceedings had not been forwarded to this Court as an exhibit.
>
> In his Designation for Materials to be Included in the Transcript (filed on 3 May 1988) the Appellant had requested that all testimony admitted before the trial court be included in the record. It is apparent that the record has not been properly prepared and the transcription of the supplemental Statement of Facts is necessary for this Court to resolve the *Batson* issues.

Thus, appellant maintains that his attorney was "unaware" that the voir dire transcription was not before this court at submission. Under Texas Rule of Appellate Procedure 53(k) it is the appellant's duty to cause the statement of facts to be filed with the clerk of the Court of Appeals. Further, under Texas Rule of Appellate Procedure 50(d) the burden is on the appellant, or other party seeking review, to see that a sufficient record is presented to show error requiring reversal. In the present case, appellant has done neither. Indeed, this is a situation in which an appellant simply did not do something that he should always do—check to make sure the record in this court is complete. Therefore, we conclude that appellant has failed to meet his burden under rule 50(d) and his duty under rule 53(k). We decline to treat an appellant's failure to meet his burden under rule 50(d) and his failure to meet his duty under rule 53(k) as "some unusual circumstance." Consequently, we deny appellant's motion to supplement the record.

In our original opinion after abatement, we overruled appellant's second supplemental point of error wherein appellant contended that the trial court erred in refusing to allow the defense attorney to examine the prosecutor's notes during cross-examination of the prosecutor. *See Guilder,* at 766–767. In connection with our disposition of this point, we are aware of the Court of Criminal Appeals' recent decision in *Salazar v. State,* 795 S.W.2d 187 (Tex. Crim.App.1990). We note the following distinction between the present case and *Salazar.* *Salazar* involves admission into evidence of a writing used to refresh memory under rule 611 of the Texas Rules of Criminal Evidence. The present case involves production of asserted statements of a witness (the prosecutor) under rule 614 of the Texas Rules of Criminal Evidence. We quote appellant's brief:

> Rule 614, Texas Rules of Criminal Evidence, provides that a statement of a witness shall be tendered to the opposing party when such statement "relates to the subject matter concerning which the witness has testified." In *Marquez v.*

*State*, 757 S.W.2d 101 (Tex.App.—San Antonio 1988, pet. ref'd) the Court stated: "Under the provisions of Rule 614 if the requested statement is in the possession of the State, the trial court, on timely request by the accused must order the attorney for the State to produce such statement if it relates to the subject matter to which the witness testified." *Id.* at 103. The ruling of the trial court violated the provisions of Rule 614, *supra*.

However, nowhere in his brief does appellant tell us that the prosecutor-witness used his notes to refresh his memory for the purposes of testifying. Indeed, appellant nowhere raises the admissibility of the prosecutor's notes under rule 611. Hence, we distinguish the present case from *Salazar*. Consequently, we adhere to our original determination that the prosecutor's notes at issue in the present case do not constitute a "statement" within the meaning of rule 614.

We overrule appellant's motion for rehearing.