*Court of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*





# MEMORANDUM OPINION

No. 04-11-00391-CR

Tara **WILKERSON**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law No. 7, Bexar County, Texas
Trial Court No. 287954
Honorable Eugenia Wright, Judge Presiding

Opinion by:    Rebecca Simmons, Justice

Sitting:    Rebecca Simmons, Justice
Steven C. Hilbig, Justice
Marialyn Barnard, Justice

Delivered and Filed:  May 30, 2012

AFFIRMED

Appellant Tara Wilkerson appeals her conviction for misdemeanor assault and raises two issues on appeal: (1) the trial court erred when it denied Tara's *Brady* motion to produce the prosecutor's notes and refused to conduct an in camera inspection of the notes, and (2) the trial court violated Texas Rule of Evidence 615 by failing to compel the State to produce the prosecutor's notes.  We affirm the trial court's judgment.

## BACKGROUND

Darrell Wilkerson was divorcing his wife Tara, but they continued living together. During an argument, Tara threw a phone at Darrell which hit him in the back. Darrell walked to David Herrera's home nearby, and Herrera saw Tara repeatedly strike Darrell. Officer Michelle Lewis responded to Darrell's 911 call. She interviewed Darrell and Herrera, saw a mark under Darrell's right eye and redness on his shoulder. Officer Lewis found Tara in her home, observed her condition, asked her about Darrell's allegations, and arrested her.

Before trial, the court granted Tara's *Brady* motion and ordered the State to disclose *Brady* information to the defense. The State insisted it had no *Brady* information and that the prosecutor's notes from witness interviews were privileged work product. The trial court denied Tara's motion to produce the prosecutor's notes. During trial, the State gave Tara *Brady* information that it only learned of during trial. The jury found Tara guilty of misdemeanor assault, and the court assessed a one-year probated sentence. Tara appeals the trial court's judgment.

## *BRADY* CLAIM

In her first issue, Tara asserts that the trial court erred by refusing to order the State to disclose the prosecutor's notes from Darrell's interviews and by refusing to conduct an in camera inspection of the notes. She claims the notes were *Brady* information because they may have aided her in impeaching Darrell's testimony.

### A. Disclosing, Inspecting Alleged Favorable Evidence

The State must disclose to the defense evidence that is favorable to the defendant, *Brady v. Maryland*, 373 U.S. 83, 87 (1963), including evidence that impeaches a State's witness, *United States v. Bagley*, 473 U.S. 667, 676 (1985); *Harm v. State*, 183 S.W.3d 403, 406, 408

(Tex. Crim. App. 2006). The State must also disclose *material* evidence that is otherwise protected by the work product privilege *if* the defendant can first show the court that the evidence exists, it is within the State's control, and it contains *Brady* information. *See Bagley*, 473 U.S. at 675; *Ex parte Miles*, 359 S.W.3d 647, 665–66, 670 (Tex. Crim. App. 2012); *see also United States v. Agurs*, 427 U.S. 97, 109–10 (1976) (recognizing that the State "may not 'suppress substantial material evidence'" but rejecting the notion that the State must *sua sponte* disclose its entire investigative file such as witness interview notes (quoting *In re Imbler*, 387 P.2d 6, 14 (Cal. 1963))); *Ransonette v. State*, 550 S.W.2d 36, 40 (Tex. Crim. App. 1976) ("[W]e know of no constitutional obligation of the trial court to peruse the prosecutor's file for exculpatory evidence in the absence of a specific request supported by some showing that such evidence exists."). To establish a *Brady* violation, the defendant must show that (1) the State suppressed evidence, (2) the suppressed evidence favors the defendant, and (3) "there is a reasonable probability that had the evidence been disclosed, the outcome of the trial would have been different." *Hampton v. State*, 86 S.W.3d 603, 612 (Tex. Crim. App. 2002); *accord Harm*, 183 S.W.3d at 406. A *Brady* violation denies the defendant due process and is reversible error. *Harm*, 183 S.W.3d at 406; *see Hampton*, 86 S.W.3d at 612.

We review a trial court's denial of a request for an in camera review of putative *Brady* information for an abuse of discretion. *See Proctor v. State*, 319 S.W.3d 175, 185 (Tex. App.—Houston [1st Dist.] 2010, pet. struck); *Page v. State*, 7 S.W.3d 202, 207–08 (Tex. App.—Fort Worth 1999, pet. ref'd) (en banc). However, a defendant "may not require the trial court to search through the [State's files] without first establishing a basis for [her] claim that it contains material evidence." *See Pennsylvania v. Ritchie*, 480 U.S. 39, 58 n.15 (1987); *accord Ransonette*, 550 S.W.2d at 40; *Page*, 7 S.W.3d at 206–07.

**B. Alleged *Brady* Violations**

Tara asserts that her due process rights were violated when the trial court refused to order the State to produce its prosecutor's notes from Darrell's interviews.

*1. Prosecutor's Notes*

Tara asserts that the prosecutor's notes from Darrell's interviews are actually witness statements that could contain evidence that would help her impeach Darrell's testimony and obtain her acquittal. The State insists that the prosecutor's notes are the prosecutor's written impressions from Darrell's interviews. *See* TEX. CODE CRIM. PROC. ANN. art. 39.14(a) (West Supp. 2011) (excluding, generally, counsel's work product and investigator's notes from discovery); *cf. Williams v. State*, 940 S.W.2d 802, 804–05 (Tex. App.—Fort Worth 1997, pet. ref'd) (rejecting an assertion that prosecutor's notes were witness statements). The State asserts that Darrell did not review, sign, or swear to the notes, the notes are privileged work product, and irrespective of that privilege, there is no *Brady* information in the notes.

*2. Analysis*

To successfully argue a *Brady* violation, Tara must show that the State suppressed evidence it had that was favorable to her defense and such suppression probably affected the outcome of her trial. *See Miles*, 359 S.W.3d at 665. She alleges that the prosecutor's notes are actually Darrell's witness statements which may contain *Brady* information. *Contra* TEX. CODE CRIM. PROC. ANN. art. 39.14(a); *Agurs*, 427 U.S. at 109–10; *Williams*, 940 S.W.2d at 804–05. However, she provides no evidence or testimony that Darrell signed, adopted, or approved any of the prosecutor's notes. *Cf. Pondexter v. State*, 942 S.W.2d 577, 582 (Tex. Crim. App. 1996) (rejecting the defendant's assertion that the prosecutor's notes were "statements" under the evidentiary rule because the witness had not signed or adopted the notes); *Williams*, 940 S.W.2d

at 804–05. Further, Tara does not show that the prosecutor's notes likely contain *Brady* information and she provides no statute or case law that shows the prosecutor's notes in this case are witness statements. *Cf. Williams*, 940 S.W.2d at 804–05. In fact, *Williams* indicates the opposite. *See id.* (rejecting the defendant's assertions that prosecutor's notes that the witnesses had reviewed and verbally approved were witness statements). Moreover, before trial, the State repeatedly asserted it had no *Brady* information, but when the State learned of possible *Brady* information just after the charge was read and again during Darrell's cross-examination, it immediately disclosed to Tara Darrell's two previous statements. Thus, Tara has failed to show there was any impeachment evidence known to the prosecution that it should have produced but did not. *See Hampton*, 86 S.W.3d at 612; *Williams*, 940 S.W.2d at 806.

Having failed to show that the State suppressed any *Brady* information at all, Tara cannot show that the alleged evidence was favorable to her or that it was material. *See Agurs*, 427 U.S. at 109–10 ("The mere possibility that an item of undisclosed information might have helped the defense, or might have affected the outcome of the trial, does not establish 'materiality' in the constitutional sense."); *Miles*, 359 S.W.3d at 666.

Tara also failed to show the trial court that the prosecutor's notes contained any *Brady* information that would compel the court to conduct an in camera inspection. Tara argued to the trial court that "if [Darrell's] statements are contradictory" then she was entitled to the notes. But the trial court was not required to order the State to produce the prosecutor's notes or inspect them in camera based solely on Tara's speculation that the notes might contain impeachment evidence. *See Page*, 7 S.W.3d at 206 ("We will not order the State to produce information under *Brady* based merely on Appellant's speculation that the requested information contained exculpatory evidence."). Therefore, the trial court did not violate Tara's due process rights when

it denied her request for disclosure of the prosecutor's notes and did not abuse its discretion when it denied her request for an in camera inspection. We overrule Tara's first issue.

## TEXAS RULE OF EVIDENCE 615

In her second issue, Tara asserts that the trial court violated Texas Rule of Evidence 615 by refusing to order the State to produce the prosecutor's notes.

### A. Standard of Review

We review a trial court's determination of "whether a requested writing constitutes a [witness] statement" for an abuse of discretion. *Williams*, 940 S.W.2d at 805; *accord Jordan v. State*, 897 S.W.2d 909, 918 (Tex. App.—Fort Worth 1995, no pet.).

### B. Prosecutor's Notes

Assuming *arguendo* that Tara preserved her claim of error that the trial court improperly denied her the prosecutor's notes under Rule 615, Tara's complaint still fails.

#### 1. Evidentiary Rule

In a criminal trial, after the complaining witness testifies, the defendant may move and the court must order the State to produce "any statement of the [complaining] witness that is in [the State's] possession and that relates to the subject matter concerning which the witness has testified." *See* TEX. R. EVID. 615; *Pondexter*, 942 S.W.2d at 582 (citing the former rule). A witness statement is defined in subsection (f) as:

> (1) a written statement made by the witness that is signed or otherwise adopted or approved by the witness; [or]

> (2) a substantially verbatim recital of an oral statement made by the witness that is recorded contemporaneously with the making of the oral statement and that is contained in a stenographic, mechanical, electrical, or other recording or a transcription thereof[.]

TEX. R. EVID. 615(f)(1)–(2); *Guilder v. State*, 794 S.W.2d 765, 767 (Tex. App.—Dallas 1990, no pet.). If the requested writing is not a statement, the State does not have to produce it. *See* TEX. R. EVID. 615; *Williams*, 940 S.W.2d at 805; *Jordan*, 897 S.W.2d at 918.

### 2. Analysis

It is undisputed that the prosecutor's notes were handwritten information describing the State's interviews with Darrell. Nevertheless, Tara insists that the prosecutor's notes are actually Darrell's witness statements under Rule 615(f)(2). *See* TEX. R. EVID. 615. The State responds that the prosecutor's notes were merely the State's "summary of the complainant's expected testimony" and they do not meet the definition of statements under the Rule. *See Williams*, 940 S.W.2d at 804–05; *Guilder*, 794 S.W.2d at 768. The State asserts that Darrell never signed, adopted, or approved the prosecutor's notes, and the record supports the State's assertion. We agree that the prosecutor's notes were not statements under Rule 615. *See* TEX. R. EVID. 615(f)(1); *Williams*, 940 S.W.2d at 805; *Guilder*, 794 S.W.2d at 768. Thus, the trial court did not abuse its discretion by overruling Tara's Rule 615 motion. *See Williams*, 940 S.W.2d at 805; *Jordan*, 897 S.W.2d at 918.

### CONCLUSION

We conclude that the trial court did not abuse its discretion by refusing an in camera inspection of the prosecutor's notes and that Tara Wilkerson's due process rights were not violated. We also conclude that the prosecutor's notes were not witness statements subject to Texas Rule of Evidence 615. Therefore, we affirm the trial court's judgment.

Rebecca Simmons, Justice

DO NOT PUBLISH