

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-17-00304-CR

---

AARON MICHAEL ALKEK                                    APPELLANT

V.

THE STATE OF TEXAS                                          STATE

----------

FROM THE 432ND DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 1499023D

----------

## MEMORANDUM OPINION[1]

----------

### I. INTRODUCTION

Appellant Aaron Michael Alkek pleaded guilty before a jury to the offense of theft of property valued at less than $2,500 with two or more previous theft convictions. The jury was instructed to find Alkek guilty and, after hearing evidence during the punishment phase, assessed his sentence at eighteen

---

[1]*See* Tex. R. App. P. 47.4.

months in jail, which the trial court imposed. *See* Tex. Penal Code Ann. § 31.03(e)(4)(D) (West Supp. 2017). In two points, Alkek argues that his trial counsel provided ineffective assistance and that his sentence violates the Eighth Amendment. Because Alkek failed to establish that he was prejudiced by his trial counsel's performance and because he did not preserve his Eighth Amendment challenge, we will affirm.

## II. BRIEF BACKGROUND[2]

During punishment, the jury heard testimony from the Belk loss prevention officer who caught Alkek after he left a Belk store with a bottle of perfume and a watch that he did not pay for. A fingerprint identification expert with the sheriff's department proved up Alkek's prior convictions for theft of property valued at $500 but less than $1,500; theft of property valued at $750 but less than $2,500; possession of marijuana of less than two grams; theft of services valued at $20 but less than $500; and theft of less than $2,500 with two or more previous theft convictions. The jury also heard from a detective with the Fort Worth Police Department who testified that Alkek had been released from jail the day before he committed the underlying theft and that he has been labeled as a prolific offender.

---

[2]Because Alkek's two points challenge only his trial counsel's effectiveness during punishment and his sentence, we set forth only a brief factual background.

Alkek also testified during punishment.  Alkek explained his version of the events forming the basis of several of his prior convictions.  Alkek asked the jury to forgive him and to assess his sentence at six months' confinement in jail.

During closing arguments, Alkek's trial counsel called his client defiant and told the jurors that the question they needed to answer was whether there is any hope for Alkek, "any reason to consider lessening his punishment or mitigating that punishment."  Trial counsel continued,

> And to be honest with you, we -- I think we can all see, based on what you've seen over the last couple of days, that one of the issues that he will have to deal with walking forward is:  What are you going to do about being your own worst enemy?  He stands defiant.
>
> . . . .
>
> So you can see.  You've been here for a couple of days, and you've had an opportunity to assess him.  Okay.  If you tell him you probably ought to go right, he's going left.  You tell him up, he'll tell you, Oh, no, down is the best way.  Okay.  If you tell him you can have a jury trial, he'll say, No, I think I'll want to plead guilty.  If you say plead -- plead guilty, No, I think I'm going to plead not guilty.  Have the jury assess your punishment, have the Judge assess your punishment, which is how we started.  Then all that changes, No, I think I want to go to the jury.  Okay?
>
> . . . .
>
> . . . At some point it's my belief that he will start to show some better judgment, but that's the reason why we have a jury system here.  Okay?  He's entitled to this process.
>
> . . . .
>
> I'm not going to ask you about a specific number.  I think most of you have probably at this point had an opportunity to assess that on your own.  Okay?  But you have to answer the question today whether there's any hope for a guy who stands defiant in the face of

3

really good advice, people [who] try to guide him. So for that, I ask that you would assess a punishment that you deem appropriate. Thank you.

After hearing the testimony above, the jury assessed Alkek's punishment at eighteen months' confinement in state jail. The trial court sentenced Alkek in accordance with the jury's recommendation. Alkek then perfected this appeal.

### III. NO SHOWING OF PREJUDICE FROM TRIAL COUNSEL'S ALLEGEDLY DEFICIENT PERFORMANCE

In his first point, Alkek argues that his trial counsel provided ineffective assistance during the punishment phase based on the statements he made during closing argument.

To establish ineffective assistance of counsel, appellant must show by a preponderance of the evidence that his counsel's representation was deficient and that the deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); *Nava v. State*, 415 S.W.3d 289, 307 (Tex. Crim. App. 2013); *Hernandez v. State*, 988 S.W.2d 770, 770 (Tex. Crim. App. 1999). The prejudice prong of *Strickland* requires a showing that counsel's errors were so serious that they deprived the defendant of a fair trial, i.e., a trial with a reliable result. *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064. In other words, appellant must show there is a reasonable probability that, without the deficient performance, the result of the proceeding would have been different. *Id.* at 694, 104 S. Ct. at 2068; *Nava*, 415 S.W.3d at 308. A reasonable

4

probability is a probability sufficient to undermine confidence in the outcome. *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068; *Nava*, 415 S.W.3d at 308.

Here, Alkek argues that his trial counsel was deficient because he made multiple references to Alkek's shortcomings during closing argument. We assume that Alkek's trial counsel was deficient in the respect urged by Alkek. Nonetheless, Alkek fails to direct us to any evidence showing that there is a reasonable probability that, but for his trial counsel's alleged deficient performance, the result of his punishment trial would have been different. And in light of Alkek's prior convictions, including multiple prior theft convictions, we cannot say that there is a reasonable probability that the result of Alkek's punishment trial for the current theft offense would have been different but for trial counsel's allegedly deficient performance. Thus, Alkek has failed to establish the prejudice prong of the two-part *Strickland* test. *See Hernandez*, 988 S.W.2d at 772 (concluding that "a defendant should be required to show prejudice from this deficient attorney performance"); *Garcia v. State*, No. 13-98-00144-CR, 1999 WL 33757537, at *3 (Tex. App.—Corpus Christi Dec. 30, 1999, no pet.) (not designated for publication) ("Even if we assume, for the sake of argument, appellant successfully demonstrated counsel's deficient performance, appellant has failed to establish a reasonable probability that, but for counsel's error, the punishment assessed would have been different."); *Guilder v. State*, 794 S.W.2d 765, 768–69 (Tex. App.—Dallas 1990, no pet.) (concluding that appellant failed to show that any deficient performance of counsel prejudiced the

5

defense because appellant's brief was silent on evidence that would establish the prejudice prong of the two-part *Strickland* test). We overrule Alkek's first point.

## IV. DISPROPORTIONATE-SENTENCE CLAIM WAS NOT PRESERVED

In his second point, Alkek argues that his eighteen-month sentence violates the Eighth Amendment because his sentence is grossly disproportionate to the offense for which he was convicted. Alkek, however, did not object on Eighth Amendment grounds to his punishment when it was imposed, nor did he file a motion for new trial raising Eighth Amendment grounds. We have held on numerous occasions that disproportionate-sentence claims must be preserved at the trial court level. *See Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref'd) (holding that disproportionate-sentence claim was forfeited); *see also Cisneros v. State*, No. 02-06-00103-CR, 2007 WL 80002, at *1 (Tex. App.—Fort Worth May 23, 2007, pet. ref'd) (mem. op., not designated for publication) (collecting cases); *cf. Burt v. State*, 396 S.W.3d 574, 577 (Tex. Crim. App. 2013) ("A sentencing issue may be preserved by objecting at the punishment hearing, or when the sentence is pronounced."). Because Alkek did not raise his disproportionate-sentence claim in the trial court, it is forfeited.[3] We overrule Alkek's second point.

---

[3]Even if we were to reach the merits of Alkek's disproportionate-sentence complaint, his punishment is within the statutory limits for the offense. *See* Tex. Penal Code Ann. § 12.35(a) (West Supp. 2017) (providing that a state-jail felony is punishable by confinement in a state jail for any term of not more than two years or less than 180 days), § 31.03(e)(4)(D) (providing that theft is a state-jail felony if the value of the property stolen is less than $2,500 and the defendant

6

## V. CONCLUSION

Having overruled Alkek's two points, we affirm the trial court's judgment.

/s/ Sue Walker
SUE WALKER
JUSTICE

PANEL:  WALKER, MEIER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  March 29, 2018

---

has been previously convicted two or more times of any grade of theft). Punishment that is imposed within the statutory limits and that is based upon the sentencer's informed normative judgment is generally not subject to challenge for excessiveness except in "exceedingly rare" situations.  *Kim*, 283 S.W.3d at 475–76 (quoting *Ex parte Chavez*, 213 S.W.3d 320, 323–24 (Tex. Crim. App. 2006)). Alkek's case does not present an "exceedingly rare" situation.