**Isabel TRUJILLO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–87–00502–CR.**

Court of Appeals of Texas,
San Antonio.

Aug. 31, 1988.

Homero C. Canales, Alice, for appellant.

Thomas S. Turner, Alice, for appellee.

Before CADENA, C.J., and REEVES and CHAPA, JJ.

## ON APPELLANT'S MOTION FOR REHEARING

CHAPA, Justice.

Appellant's Motion to Abate is denied, her Motion for Rehearing is granted, our previous opinion delivered June 22, 1988 is withdrawn, and this opinion is substituted.

On rehearing appellant argues newly discovered evidence that Officer Picken's testimony during the trial to the effect that appellant's daughter was the woman arrested inside Lack's Store was false. The State admits "that it was not the daughter of [a]ppellant who was arrested in Lack's Store as was asserted by Officer Pickens." The State further surmises that "[i]f that particular portion of the record is the determining factor, then the conviction should be reversed." However, the State then asserts "that the testimony [of Pickens] did not affect the outcome of the trial and that the [a]ppellant received a fair trial." We disagree.

The Supreme Court of the United States recognized that a conviction obtained through the use of false testimony reaches constitutional proportions. *Giglio v. United States*, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972); *Napue v. Illinois*, 360 U.S. 264, 79 S.Ct., 1173, 3 L.Ed.2d 1217 (1959).

A new trial is required if 'the false testimony ... in any reasonable likelihood could ... have affected the judgement of the jury....' *Napue, supra*, at 271, [79 S.Ct. at 1178] 3 L Ed 2d at 1222.

*Giglio v. United States*, 405 U.S. at 154, 92 S.Ct. at 766.

The principle that a State may not knowingly use false evidence, including false testimony, to obtain a tainted conviction, implicit in any concept of ordered liberty, *does not cease to apply merely because the false testimony goes only to the credibility of the witness.* The jury's estimate of the truthfulness and reliability of a given witness may well be determinative of guilt or innocence, and it is upon such subtle factors as *the possible interest of the witness in testifying falsely* that a defendant's life or liberty may depend. As stated by the New York Court of Appeals in a case very similar to this one, *People v. Savvides*, 1 NY2d 554, 557, 154 NYS2d 885, 887, 136 NE2d 853, 854, 855.

'It is of no consequence that the falsehood bore upon the witness' credibility rather than directly upon defendant's guilt. *A lie is a lie, no matter what its subject*, and, if it is in any way relevant to the case, *the district attorney has the responsibility and duty to correct what he knows to be false and elicit the truth....* That the district attorney's silence was not the result of guile or a desire to prejudice matters little, *for its impact was the same, preventing, as it did, a trial that could in any real sense*

*be termed fair.*[1] (emphasis added) *Napue v. Illinois*, 360 U.S. at 269–270, 79 S.Ct. at 1177.

The Texas Court of Criminal Appeals has followed the United States Supreme Court by stating:

> Under *Giglio v. United States, supra,* a new trial is required if the false testimony could in any reasonable likelihood have affected the judgment of the jury. 92 S.Ct. at 766. *It is clear that appellant could not have been convicted without Anderson's testimony.* Under these circumstances we cannot conclude that the judgment of the jury could not have been reasonably effected by this testimony, and thus the conviction must be reversed. (emphasis added).

*Granger v. State*, 683 S.W.2d 387 at 391 (Tex.Crim.App.1984).

In *Burkhalter v. State*, 493 S.W.2d 214 (Tex.Crim.App.1973), the Texas Court of Criminal Appeals expanded the principle thereby emphasizing the urgency of a fair trial free from even false testimony by innuendo. The prosecution advised the lawyer for Whitehurst, a critical witness for the State, that if Whitehurst testified without a grant of immunity, any charges against him would be dismissed. However, Whitehurst was not to be told of this agreement by this attorney. The record reflects that Whitehurst was in fact not told of the agreement, although it was suggested to him that if he testified against Burkhalter without immunity, it "could help his case." During the trial, Whitehurst truthfully denied he had any agreement with the State and the trial court refused to permit disclosure of the State's plan not to prosecute Whitehurst. In rejecting the State's argument that there was no false testimony from Whitehurst and

that the error, if any, was harmless, the Court stated:

> The point is that *the jury should have been given the opportunity to judge Whitehurst's credibility for themselves.* (emphasis added)

\* \* \* \* \* \*

As recognized in *Napue*, the jury's estimate of the truthfulness and reliability of a given witness may well be determinative of guilt or innocence.

\* \* \* \* \* \*

Whitehurst was *the only source of direct testimony* tending to establish the alleged main fact of appellant's advising the commission of the offense charged in this case. As previously stated, *it is of no consequence* that the falsehood *bore upon the witness' credibility* rather than directly upon appellant's guilt. (emphasis added)

\* \* \* \* \* \*

Due process, perhaps the most fundamental concept in our law, embodies principles of fairness rather than an immutable line drawing as to every aspect of a criminal trial. *Argersinger v. Hamlin*, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972). *See also Mooney v. Holohan*, 294 U.S. 103, 55 S.Ct. 340, 79 L.Ed. 791 (1935).

*Burkhalter v. State*, 493 S.W.2d at 218, 219.

In this case, the false testimony contributed considerably in connecting appellant to the parties arrested in the Lack's store. Since this evidence affected this Court's evaluation of the sufficiency of the evidence against appellant, we cannot say that beyond a reasonable doubt it made no contribution to the conviction. TEX.R.APP.P. 81(b)(2).

---

1. No abatement has been ordered because of the admission of the State that the conviction here was obtained with the use of false testimony.

   It is unclear from the State's brief when the prosecution became aware of the false testimony. The State's brief suggests that the prosecution may have become aware of the false testimony at some point during the trial which would have required the State to promptly disclose it. This concern prompts this Court to direct the attention of the trial judge to what may have been a recurrence of what was so vehemently prohibited by the United States Supreme Court in *Alcorta v. State*, 355 U.S. 28, 78 S.Ct. 103, 2 L.Ed.2d 9 (1957).

   Regardless of when the State knew of the false testimony, the effect nonetheless was the same, it prevented "a trial that could in any real sense be termed fair."

The judgment is reversed and the cause is remanded for a new trial.

CADENA, C.J., concurs and files a written opinion.

CADENA, Chief Justice, concurring.

I agree that there was error and that it cannot be pursuasively argued that the false testimony did not contribute to the conviction.