**Morris LaFrench LAWSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13-93-00570-CR.**

Court of Appeals of Texas,
Corpus Christi.

March 30, 1995.

V. Antonio Aninao, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Rikke Burke Graber, Asst. Dist. Atty., Houston, for appellee.

Before FEDERICO G. HINOJOSA, Jr., CHAVEZ and BASS.[1]

## OPINION

CHAVEZ, Justice.

Appellant appeals from a conviction in which he was assessed a sentence of 99 years. Appellant claims ineffective assistance of counsel because, prior to the trial of this case, counsel ignored his request and did not obtain the transcription of the police officers' testimony from the first trial for preparation of his defense in the second trial. We affirm.

Appellant was indicted for delivery of a controlled substance, cocaine, and his punishment was enhanced by two previous convictions which were alleged in the indictment. Appellant's first trial ended with a hung jury on March 31, 1993 after the jury was unable to decide on the verdict. His second trial was set for trial five months later, on August 30, 1993. After voir dire examination, appellant himself addressed the court and inquired if his lawyer should have brought up to the jury panel the fact that the case had been tried once and ended in a hung jury. After being told by the court that his counsel could not do that, the following took place:

Defendant: Then, Your Honor, I would like to ask Your Honor about the case that was, you know, being tried before for my transcript to be transcribed. Is it right for us to know, could we have our testimony from that what the officer said at the last trial? Or do we supposed to have it?

The Court: I don't have it. I don't know whether it's been transcribed or not.

Defendant: So could we have the testimony that you think the law, I mean the officers said at the last trial? *I asked my lawyer, you know, I would like to have what they said the last time before they go on and change their story, to build up in any defense.* (emphasis added)

The Court: Well, what is your question to me now?

Defendant: I would like to have my lawyer have the testimony of those officers from the last trial that we had.

The Court: Okay fine. I don't know whether that's available or not, but I will see.

Prosecutor: I can tell you, Judge, I know the answer. It is not. And that Court Reporter has not transcribed it and she is in another trial right now. I mean I just happen to know that because that's the Court Reporter from my home court.

The Court: All right. Get your list in right now.

Appellant's counsel's silence is deafening. The record reflects that not only did appellant's counsel not join in his client's request, he did not inform the court of his position on the request, whether he had discussed it with defendant or not, or what steps he had taken

---

1. Assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to TEX.

Gov't Code Ann. § 74.003 (Vernon 1988).

to obtain the transcription of the officers' testimony, nor did he move for a continuance in order to be afforded the necessary time to obtain the requested transcription. Accordingly, appellant claims he was denied effective assistance of counsel in violation of his state and federal constitutional rights.

■ In all criminal proceedings, a person is entitled to the assistance of counsel. U.S. CONST. amend. VI and TEX. CONST. art. I, § 10. Appellant, in order to show he was denied effective assistance of counsel, must show that counsel's performance was so deficient that it failed to meet an objective standard of reasonableness under prevailing professional norms and that that failure deprived him of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). However, the constitutional right to counsel does not mean errorless counsel or counsel judged ineffective by hindsight, but counsel reasonably likely to render and rendering effective assistance. *Ex parte Carillo*, 687 S.W.2d 320, 324 (Tex.Crim.App.1985).

■ Appellant must also show that, but for counsel's errors, there is a reasonable probability that the result of the trial would have been different. *Hernandez v. State*, 726 S.W.2d 53, 55 (Tex.Crim.App.1986). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068. Counsel's adequacy will be gauged by the totality of the representation. *Carillo*, 687 S.W.2d at 324. In evaluating counsel's performance and strategic choices, it is difficult to do so from hindsight. Therefore, he is strongly presumed to have rendered adequate assistance. *Ex parte Zepeda*, 819 S.W.2d 874, 876 (Tex.Crim.App.1991).

■ We will first determine whether appellant received effective assistance of counsel. While the record reflects that trial counsel vigorously defended appellant, it nevertheless appears that appellant had asked his counsel, prior to the trial, to obtain a transcription of the officers' testimony to make sure the officers did not change their testimony and "[t]o build up in any defense." The record does not reflect when the request

to counsel might have been made, but it does show it was definitely done before trial.

■ There is no question that an indigent defendant is entitled to a free transcription of prior proceedings for an effective defense or appeal. *Britt v. North Carolina*, 404 U.S. 226, 227, 92 S.Ct. 431, 433, 30 L.Ed.2d 400 (1971); *Griffin v. Illinois*, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956). This principle has been followed in Texas. *Billie v. State*, 605 S.W.2d 558, 565 (Tex.Crim.App. 1980); *Armour v. State*, 606 S.W.2d 891, 893 (Tex.Crim.App.1980). But, in *Cook v. State*, 611 S.W.2d 83, 87 (Tex.Crim.App.1981), the court held that such a request must be timely made. In *Cook*, the defendant made two requests for a free transcription, but at each hearing on his motion, he represented to the court that he would be able to pay for the record if given additional time. Both times he was denied a free transcription, but the case was continued to give him time to obtain the record. He had appeared with retained counsel at all times, including the first trial. At the third trial setting, he had not yet obtained the record and again requested a free record, claiming indigence. The court denied his request because it was not timely made. The Court of Criminal Appeals agreed, stating that even if indigent, a defendant may not use his constitutional right to a free transcript of a prior trial or mistrial to control the court's docket or the second trial of his case. Id. at 87. The trial and appellate court obviously thought the defendant was using these motions to continue to delay the trial.

Here, however, there was a five-month gap between the end of the first trial and the start of the second. There was plenty of time for counsel to make a request for and obtain a free transcript of the officers' prior testimony, and he did not. The first trial had ended with the jurors deadlocked at 10–1–1. It is not shown if the ten were for conviction or acquittal, but such a deadlock demonstrates that the state did not have an airtight case. It further demonstrates that with the extra help of a transcript of the prior trial, counsel might have done even better at the second trial when he cross-examined the State's only witnesses, the po-

lice officers. But, we will never know since appellant was denied that opportunity because his counsel did not heed his request. The State claims that it was disadvantageous for appellant to obtain the record because, had he done so, the State would have also obtained a copy of appellant's testimony and would have confronted him with it at the second trial. While the state might have benefited from a transcript of appellant's prior testimony, it did not make such a request. It certainly did not need a transcription of the officers' testimony since it no doubt had the officers' statements to refresh their testimony. But even if the state had obtained appellant's prior testimony, appellant would have obtained a free copy and it might have also aided him in the second trial to either clear up any inconsistencies or be better prepared for his cross-examination.

Nonetheless, the dispositive issue is whether defense counsel acted responsibly in trying to obtain a free transcript, which appellant was entitled to, in order to assist them in the preparation of his defense. He did not. Even though appellant himself first brought up his request after voir dire examination, the question of timeliness of the request to the court should not be an issue here. From the statements appellant made to the court, it certainly appears that he had made that request to his counsel prior to the beginning of the second trial. Had counsel properly evaluated and heeded his client's request, a motion for the transcript would have been timely filed.

The State argues that we should not question trial counsel's strategy, relying on *Delrio v. State,* 840 S.W.2d 443 (Tex.Crim.App. 1992). In *Delrio* the court stated that "[c]onsistently with *Strickland,* we must presume that counsel is better positioned than the appellate court to judge the pragmatism of the particular case, and that he 'made all significant decisions in the exercise of reasonable professional judgment.'" Id. at 447. In *Delrio,* counsel made a decision to keep a venireman who had stated he could not be fair because he was an ex-narcotics officer and knew the defendant. The venireman was brought up to the bench and questioned further. Twice the court asked counsel if there was a challenge. There was not. The court reasoned that he had made a conscious choice after further examining the venireman and, thus, refused to question counsel's strategy in keeping the juror.

Here, appellant appreciated the need for a tool that was available to him in the preparation of his defense. He had asked his counsel to obtain it, and there is no record of why counsel neglected to obtain it. We should not penalize appellant because his counsel did not protect the record by stating why he chose not to obtain the transcription. There is no doubt that such a tool would have been useful in the preparation of appellant's defense in the cross-examination of crucial witnesses for the State. What conceivable and reasonable trial strategy could counsel be following in not obtaining a free transcription of the testimony? That's like going on a hunting trip with a rifle but no ammunition. Accordingly, finding no plausible explanation for counsel's failure to follow his client's request, we deem counsel's assistance to be ineffective.

■ We now address whether prejudice resulted from counsel's ineffective assistance. Having reviewed the testimonial inconsistencies cited to by appellant, we find that they are minor discrepancies and are not sufficient to undermine confidence in the outcome. Because appellant has failed to establish prejudice resulting from trial counsel's ineffectiveness, we overrule appellant's first point of error.

■ By his second point, appellant contends that his conviction should be reversed due to a violation of due process since the police officers' testimonial inconsistencies constituted perjured testimony. A new trial is required if there is any reasonable likelihood that false testimony could have affected the judgment of the jury. *Granger v. State,* 683 S.W.2d 387, 391 (Tex.Crim.App.1984); *Trujillo v. State,* 757 S.W.2d 169, 171 (Tex. App.—San Antonio 1988, no pet.).

The instances of testimonial inconsistencies cited by appellant are the same as those cited in his first point of error. Some of these are not inconsistencies at all, and the remainder are, as we have already found, minor and

insignificant discrepancies. There is no indication that the officers presented false testimony. Moreover, the judgment of the jury could not have reasonably been affected by the inconsistencies cited to by appellant. We overrule appellant's second point.

■■■■ By point three, appellant complains that the State's jury argument was improper in that it urged the jury to assess punishment based upon the demands and expectations of the community. Proper prosecutorial jury argument should generally fall within one of the following categories: 1) summation of the evidence, 2) reasonable deductions from the evidence, 3) answer to argument of opposing counsel, and 4) pleas for law enforcement. *Brown v. State,* 692 S.W.2d 497, 502 (Tex.Crim.App.1985); *Cannon v. State,* 668 S.W.2d 401, 404 (Tex.Crim. App.1984).

Appellant objects to the following portion of the State's jury argument:

Thank you for your time and attention in this case. You have been very attentive and I know this case is important to you. *It's also important to everyone else living here. I ask to you [sic] send a very strong message to this man and everyone else in this community or whatever who thinks it's okay to get out there and poison the community with drugs.* Think about his past. Think about how he lied to you on the stand. Think about the fact that he was the man. Please do something about it. Thank you. (emphasis added)

This is a proper plea for law enforcement. *See Goocher v. State,* 633 S.W.2d 860, 864 (Tex.Crim.App.1982) ("do what needs to be done to send these types of people a message to tell them we're not tolerating this type of behavior in our county"); *Brown v. State,* 508 S.W.2d 91, 96 (Tex.Crim.App.1974) ("the members of the jury will become a part of law enforcement ... and will be the voice of conscience of the people of this County and State"); *Johnson v. State,* 773 S.W.2d 721, 728 (Tex.App.–Houston [1st Dist.] 1989, pet. ref'd) ("I submit that verdict is guilty in this case. You will send that message to the community. You are the conscience of Galveston county"). The State's jury argument,

therefore, was proper. We overrule point three.

We affirm the judgment of the trial court.