NUMBER 13-08-00080-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 

 

FLORENCIO TORRES, Appellant,


v.


THE STATE OF TEXAS, Appellee.

 


On appeal from the 148th District Court

of Nueces County, Texas.

 


MEMORANDUM OPINION


Before Chief Justice Valdez and Justices Yañez and Benavides


Memorandum Opinion by Chief Justice Valdez
 After a jury trial, appellant, Florencio Torres, was convicted of three counts of
aggravated sexual assault of a child, a first-degree felony, and two counts of indecency
with a child, a second-degree felony. See Tex. Penal Code Ann. § 22.021 (Vernon Supp.
2008), § 21.11 (Vernon 2003). In a single issue, Torres contends that he was denied a fair
trial because of prosecutorial misconduct. (1) We affirm. (2)

I. Prosecutorial Misconduct

 In his sole issue, Torres asserts that the prosecutor engaged in prosecutorial
misconduct by making the following statement during closing argument:

Don't let [defense counsel] muddy the waters. That's his job, but you're all
smarter than that. That's what he's doing. It's kind of like an octopus in the
water. A defensive mechanism a[n] octopus does is if they sense someone
approaching that's dangerous is to give out this inky substance so it can't be
see[n] and the water becomes murky. That's the role of a [d]efense attorney. 
Please don't let that happen here. Continue following your common sense,
and if you follow your common sense you will render a verdict of guilty.


Torres did not object to the prosecutor's statement, request an instruction, or move for a
mistrial.

 Prosecutorial jury argument should generally be limited to: (1) summation of the
evidence; (2) reasonable deductions from the evidence; (3) answer to argument of
opposing counsel; and (4) pleas for law enforcement. Cannon v. State, 668 S.W.2d 401,
404 (Tex. Crim. App. 1984); Lawson v. State, 896 S.W.2d 828, 833 (Tex. App.-Corpus
Christi 1995, writ ref'd). To preserve jury argument error, the defendant must: (1) make
a timely and specific objection; (2) request an instruction that the jury disregard the matter
improperly placed before it; and (3) move for a mistrial. Cockrell v. State, 933 S.W.2d 73,
89 (Tex. Crim. App. 1996). 

 We "maintain a special concern for final arguments that result in uninvited and
unsubstantiated accusation of improper conduct directed at a defendant's attorney." 
Orona v. State, 791 S.W.2d 125, 128 (Tex. Crim. App. 1990). However, "mild comments
may not be erroneous, so long as they can be interpreted as an attack on arguments made
by the defense counsel." Mosley v. State, 983 S.W.2d 249, 258-59 (Tex. Crim. App.
1998). Even assuming that the prosecutor's statement was erroneous, we conclude that
by failing to object, Torres has failed to preserve any error for appeal. See Tex. R. App. P.
33.1(a)(1); Cockrell, 933 S.W.2d at 89; see also Cook v. State, 858 S.W.2d 467, 473 (Tex.
Crim. App. 1993) (holding that a defendant must make an objection, request an instruction
to disregard, and move for a mistrial in order to preserve jury argument error for appellate
review); see also Carter v. State, No. 13-08-107-CR, 2009 Tex. App. LEXIS 1686, at
**10-11 (Tex. App.-Corpus Christi Mar. 12, 2009, no pet.) (mem. op., not designated for
publication) (same). 

 Additionally, Torres attempts to characterize the alleged error as constitutional error
by arguing that the State "impugned defense counsel's character and ethics and there by
[sic] diminished and undermined defendant's full right to the assistance of his counsel in
violation of the Sixth Amendment of the United State Constitution and in violation of the
Due Process Clause of the Fourteenth Amendment of the United States Constitution." 
Comments similar to those made by the State have been regarded as non-constitutional
error. See Mosley, 983 S.W.2d at 259 (holding that improper comments on defense
counsel's honesty do not amount to a constitutional violation). Concluding that nothing has
been preserved for our review, we overrule Torres's sole issue.

II. Conclusion

 Having overruled Torres's sole issue, we affirm the trial court's judgment.

 ________________________

 ROGELIO VALDEZ

 Chief Justice 

Do Not Publish. Tex. R. App. P. 47.2(b)

Memorandum Opinion delivered and 

filed this the 24th day of August, 2009. 
1. The State has not filed a brief.
2. As this is a memorandum opinion, and the parties are familiar with the facts, we will not recite them
here except as necessary to explain the Court's decision and the basic reasons for it. See Tex. R. App. P.
47.4.