

# NUMBER 13-08-00080-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**FLORENCIO TORRES,** **Appellant,**

**v.**

**THE STATE OF TEXAS,** **Appellee.**

## On appeal from the 148th District Court
## of Nueces County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Yañez and Benavides
Memorandum Opinion by Chief Justice Valdez**

After a jury trial, appellant, Florencio Torres, was convicted of three counts of aggravated sexual assault of a child, a first-degree felony, and two counts of indecency with a child, a second-degree felony. *See* TEX. PENAL CODE ANN. § 22.021 (Vernon Supp. 2008), § 21.11 (Vernon 2003). In a single issue, Torres contends that he was denied a fair

trial because of prosecutorial misconduct.[1]  We affirm.[2]

## I. PROSECUTORIAL MISCONDUCT

In his sole issue, Torres asserts that the prosecutor engaged in prosecutorial misconduct by making the following statement during closing argument:

> Don't let [defense counsel] muddy the waters.  That's his job, but you're all smarter than that.  That's what he's doing.  It's kind of like an octopus in the water.  A defensive mechanism a[n] octopus does is if they sense someone approaching that's dangerous is to give out this inky substance so it can't be see[n] and the water becomes murky.  That's the role of a [d]efense attorney.  Please don't let that happen here.  Continue following your common sense, and if you follow your common sense you will render a verdict of guilty.

Torres did not object to the prosecutor's statement, request an instruction, or move for a mistrial.

Prosecutorial jury argument should generally be limited to:  (1) summation of the evidence; (2) reasonable deductions from the evidence; (3) answer to argument of opposing counsel; and (4) pleas for law enforcement.  *Cannon v. State*, 668 S.W.2d 401, 404 (Tex. Crim. App. 1984); *Lawson v. State*, 896 S.W.2d 828, 833 (Tex. App.–Corpus Christi 1995, writ ref'd).  To preserve jury argument error, the defendant must:  (1) make a timely and specific objection; (2) request an instruction that the jury disregard the matter improperly placed before it; and (3) move for a mistrial.  *Cockrell v. State*, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996).

We "maintain a special concern for final arguments that result in uninvited and unsubstantiated accusation of improper conduct directed at a defendant's attorney." *Orona v. State*, 791 S.W.2d 125, 128 (Tex. Crim. App. 1990).  However, "mild comments

---

[1] The State has not filed a brief.

[2] As this is a memorandum opinion, and the parties are familiar with the facts, we will not recite them here except as necessary to explain the Court's decision and the basic reasons for it.  *See* TEX. R. APP. P. 47.4.

may not be erroneous, so long as they can be interpreted as an attack on arguments made by the defense counsel." *Mosley v. State*, 983 S.W.2d 249, 258-59 (Tex. Crim. App. 1998). Even assuming that the prosecutor's statement was erroneous, we conclude that by failing to object, Torres has failed to preserve any error for appeal. *See* TEX. R. APP. P. 33.1(a)(1); *Cockrell*, 933 S.W.2d at 89; *see also Cook v. State*, 858 S.W.2d 467, 473 (Tex. Crim. App. 1993) (holding that a defendant must make an objection, request an instruction to disregard, and move for a mistrial in order to preserve jury argument error for appellate review); *see also Carter v. State*, No. 13-08-107-CR, 2009 Tex. App. LEXIS 1686, at **10-11 (Tex. App.–Corpus Christi Mar. 12, 2009, no pet.) (mem. op., not designated for publication) (same).

Additionally, Torres attempts to characterize the alleged error as constitutional error by arguing that the State "impugned defense counsel's character and ethics and there by [sic] diminished and undermined defendant's full right to the assistance of his counsel in violation of the Sixth Amendment of the United State Constitution and in violation of the Due Process Clause of the Fourteenth Amendment of the United States Constitution." Comments similar to those made by the State have been regarded as non-constitutional error. *See Mosley*, 983 S.W.2d at 259 (holding that improper comments on defense counsel's honesty do not amount to a constitutional violation). Concluding that nothing has been preserved for our review, we overrule Torres's sole issue.

## II. CONCLUSION

Having overruled Torres's sole issue, we affirm the trial court's judgment.

_____
ROGELIO VALDEZ
Chief Justice

Do Not Publish. TEX. R. APP. P. 47.2(b)
Memorandum Opinion delivered and
filed this the 24th day of August, 2009.