

# NUMBER 13-17-00149-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

MARK BRANDON HUDSON,                                                          Appellant,

v.

THE STATE OF TEXAS,                                                          Appellee.

## On appeal from the 377th District Court
## of Victoria County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Contreras and Benavides
Memorandum Opinion by Justice Contreras**

Appellant Mark Brandon Hudson appeals his conviction for two counts of assault

on a public servant, a third-degree felony. *See* TEX. PENAL CODE ANN. § 22.01(b)(1)

(West, Westlaw through 2017 1st C.S.). By two issues, appellant argues that the

prosecutor's closing argument was improper because: (1) it attacked appellant over trial counsel's shoulder; and (2) it introduced new and harmful facts. We affirm.

## I. BACKGROUND

On March 19, 2016, appellant was arrested for assaulting Officers Matthew Hayles and Russell Copeland of the Victoria Police Department. Appellant was tried by jury, and only Officer Hayles testified at trial about the assaults on both him and Officer Copeland.[1]

During defense counsel's closing argument, the following colloquy occurred:

[Defense counsel]: When somebody files a complaint against you, if somebody files a complaint against you would you expect that person, if they're going to file charges against you, would you expect that person to come to court here and testify and say what he's complaining about you? Of course you would expect that, that would be fair to expect that. But that just shows you the extent of the State's case. In other words, they're bringing you a charge against a person without even bringing the person who's filing that complaint. If you look on page six of your jury charge on the third paragraph, I think the first line, it says that the evidence that you must consider consists of testimony of the witnesses and exhibits admitted into evidence. It doesn't say testimony of the witness[es] or exhibits, it says testimony of the witness and the exhibits. And when we talk about witness, in Count two it says the complainant is Russell Copeland. Russell Copeland. Russell Copeland is not here today. If the instruction is telling you the only way that you could consider the evidence in a charge is going to be for you to consider the testimony of the witness and the exhibits, not witness[es] or exhibits, it says witness and exhibits. The reason that it's not fair and the reason that you shouldn't consider that, in fact that one you should just strike off for this reason, because if you were being charged with an offense would you expect that person to come here and testify against you, sit in this chair and say that whatever happened –

---

[1] Officer Copeland was on military leave at the time of trial.

[Prosecutor]:          Objection, Your Honor, it's improper argument.

[Defense counsel]:  Judge, I'm just saying that if a witness was present that he would be testifying. What's improper about that? Would you expect the witness to testify if he came to court?

THE COURT:          Hold on. You'll have rebuttal.

Defense counsel continued his closing argument in which he repeatedly stressed the absence of Officer Copeland as a reason to acquit appellant on one of the charges. On appeal, appellant's two issues center on the following statements made by the prosecutor during the State's closing rebuttal argument:

[Prosecutor]:          What the Defense just asked you to do is violate your oath as a juror. As a juror you took an oath, I will consider the law that's contained in the jury charge and the evidence that is presented to me in court, so what the Defense just did is ask you to violate the oath you took as a juror. What he's asking you to do is to convict his client on a lesser included or outright acquit his client because the defendant never swung a glass beer bottle at Officer Hayles or Officer Copeland. That's not on our list of elemental facts, those two lists of five, that's not on that list. If it's not on the list, having a reasonable doubt about it is not a reason to acquit. He's also saying, oh, we don't know if an assault happened prior to the police arriving so that's a reason to acquit. No, it's not. He's also claiming that because the victim's not here that's a reason to acquit. We present cases all the time where victims don't come in to testify in court. It happens all the time in assault family violence cases, a lot of times victims don't come forward and we get convictions in those cases even if the victim doesn't show up. You have a twelve-page jury charge and nowhere in these twelve pages does it say if the victim doesn't come into court to testify you can't convict.

[Defense Counsel]: Judge, I'm going to make an objection. Page number six does indicate that the only evidence that this jury can consider is testimony of witnesses and the exhibits.

3

THE COURT:        Overruled.

The jury convicted appellant on both counts, and sentenced him to five years' imprisonment. This appeal followed.

## II.        DISCUSSION

### A.  Applicable Law and Standard of Review

Prosecutorial jury argument should generally be limited to: (1) summation of the evidence; (2) reasonable deductions from the evidence; (3) answer to argument of opposing counsel; and (4) pleas for law enforcement. *Jackson v. State*, 17 S.W.3d 664, 673 (Tex. Crim. App. 2000); *Lawson v. State*, 896 S.W.2d 828, 833 (Tex. App.—Corpus Christi 1995, writ ref'd). "Even when an argument exceeds the permissible bounds of these approved areas, it will not constitute reversible error unless . . . the argument is extreme or manifestly improper, violative of a mandatory statute, or injects new facts harmful to the accused . . . ." *Wesbrook v. State*, 29 S.W.3d 103, 115 (Tex. Crim. App. 2000) (citing *Todd v. State*, 598 S.W.2d 286, 296–97 (Tex. Crim. App. 1980)). When examining challenges to a jury argument, a reviewing court must consider the complained-of argument in the context in which it appears. *Gonzalez v. State*, 337 S.W.3d 473, 483 (Tex. App.—Houston [1st Dist.] 2011, pet ref'd); *see Wesbrook*, 29 S.W.3d at 115; *Gaddis v. State*, 753 S.W.2d 396, 398 (Tex. Crim. App. 1988). We review a trial court's ruling on an objection to a jury argument under an abuse of discretion standard. *Vasquez v. State*, 484 S.W.3d 526, 531 (Tex. App.—Houston [1st Dist.] 2016, no pet.); *York v. State*, 258 S.W.3d 712, 717 (Tex. App.—Waco 2008, pet ref'd); *see Davis v. State*, 329 S.W.3d 798, 823 (Tex. Crim. App. 2010).

The preferred procedure for a defendant to preserve jury argument error for appellate review is: "(1) to object when it is possible, (2) to request an instruction to

4

disregard if the prejudicial event has occurred, and (3) to move for a mistrial if a party thinks an instruction to disregard was not sufficient." *Young v. State*, 137 S.W.3d 65, 69 (Tex. Crim. App. 2004); *see* TEX. R. APP. P. 33.1(a); *Cockrell v. State*, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996) (en banc). Although "this sequence is not essential to preserve complaints for appellate review," "[t]he essential requirement is a timely, specific request that the trial court refuses." *Young*, 137 S.W.3d at 69; *see* TEX. R. APP. P. 33.1(a). A general or imprecise objection will not preserve error for appeal unless "the legal basis for the objection is *obvious* to the court and to the opposing counsel." *Vasquez v. State*, 483 S.W.3d 550, 554 (Tex. Crim. App. 2016) (quoting *Buchanan v. State*, 207 S.W.3d 772, 775 (Tex. Crim. App. 2006) (emphasis in original)). In addition, when a complaint on appeal differs from that made at trial, the error is waived. *Cook v. State*, 858 S.W.2d 467, 474 (Tex. Crim. App. 1993) (citing *Rezac v. State*, 782 S.W.2d 869, 870 (Tex. Crim. App. 1990)) ("An objection stating one legal basis may not be used to support a different legal theory on appeal.").

### B. Analysis

By his first issue, appellant contends that the prosecutor improperly attacked him over defense counsel's shoulder when the prosecutor stated that defense counsel had asked jurors to violate their oaths.

However, appellant did not object to the prosecutor's statements which alleged that defense counsel had asked the jury to violate their oath. Rather, appellant's objection came at a later time into the prosecutor's argument, it did not reference those previous statements by the prosecutor, and it was asserted on different grounds. Therefore, we conclude this issue has not been preserved for our review. TEX. R. APP. P. 33.1(a);

5

*Cockrell*, 933 S.W.2d at 89 (holding a "defendant's failure to object to a jury argument . . . forfeits his right to complain about the argument on appeal"); *see Cook*, 858 S.W.2d at 474. We overrule appellant's first issue.

By his second issue, appellant argues that the prosecutor introduced "new and harmful facts into the proceeding by telling the jury to consider" that the State "present[s] cases all the time where victims don't come in to testify in court."

This issue was also not preserved for review. *See* TEX. R. APP. P. 33.1(a); *Cockrell*, 933 S.W.2d at 89. Defense counsel did not object immediately after the prosecutor made the challenged comment, but rather objected only after the prosecutor stated that "nowhere in these twelve pages [of the jury charge] does it say if the victim doesn't come into court to testify you can't convict." Moreover, defense counsel objected only on grounds that the jury charge "does indicate that the only evidence that this jury can consider is testimony of witnesses and the exhibits," which is not the complaint he makes on appeal. *See Cook*, 858 S.W.2d at 474. We overrule appellant's second issue.

### III. CONCLUSION

We affirm the trial court's judgment.

DORI CONTRERAS
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
25th day of January, 2018.