NUMBER 13-17-00587-CR



# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

QUINTON COX TDCJ #1624099,                                      Appellant,

v.

THE STATE OF TEXAS,                                            Appellee.

### On appeal from the 156th District Court
### of Bee County, Texas.

# MEMORANDUM OPINION

### Before Justices Contreras, Longoria, and Hinojosa
### Memorandum Opinion by Justice Contreras

Appellant Quinton Cox appeals from a judgment sentencing him to twenty years in the state jail division of the Texas Department of Criminal Justice (TDCJ) for a conviction of attempted aggravated assault with a deadly weapon on a public servant, a second-degree felony, *see* TEX. PENAL CODE ANN. §§ 15.01, 22.01, 22.02 (West, Westlaw through 2017 1st C.S.), and possession of a deadly weapon in a penal institution, a third-degree

felony. *See id.* § 46.10 (West, Westlaw through 2017 1st C.S.). Cox proceeded pro se at trial. By one issue, Cox contends the State made an improper jury argument by implying that his questions to witnesses during trial constituted inculpatory evidence. We affirm.

## I.    BACKGROUND

On May 12, 2015, Cox tried to stab Officer Eduardo Galvan with a nine-inch piece of metal while in a holding cell when Galvan was standing near the open tray slot. Cox was indicted for three counts: count one was for aggravated assault with a deadly weapon on a public servant (first-degree felony), *see id.* §§ 22.01, 22.02; count two was for attempted aggravated assault with a deadly weapon on a public servant, *see id.* §§ 15.01, 22.01, 22.02; count three was for possession of a deadly weapon in a penal institution. *See id.* § 46.10. Cox was subsequently brought to trial, and he waived his right to a jury and proceeded before the bench pro se. During closing argument, the State argued the following:

> And of course Count Three is just the actual possession of that deadly weapon which we think is pretty clearly demonstrated by those three different videos inside the cage. From the different angles you can see it in his hand as well as the Defendant's own set of questions where he talks about how he gave it up or did not give it up so we believe that we've proven all those elements beyond a reasonable doubt and that's all we have for our opening of closing argument.

The trial court found Cox guilty of attempted aggravated assault with a deadly weapon on a public servant, *see id.* §§ 15.01, 22.01, 22.02, and possession of a deadly weapon in a penal institution, *see id.* § 46.10, but acquitted him of the aggravated assault with a deadly weapon charge. *See id.* §§ 22.01, 22.02. The trial court sentenced Cox to twenty years' imprisonment in the state jail division of TDCJ for each offense, with the sentences to run concurrently. This appeal ensued.

## II. DISCUSSION

In his sole issue, Cox contends the State made an improper jury argument when it "framed his questioning of witnesses during trial as a sworn testimony admission." Cox argues that the prosecutor's improper argument constitutes structural error and violates his state and federal constitutional due process rights to have the court consider only properly admitted sworn testimony presented at trial. Cox concedes that because he did not object, he has waived review under current case law. *See* TEX. R. APP. P. 33.1. However he raises it here in an adversarial fashion solely for purposes of preserving error for possible further review.

### A. Applicable Law and Standard of Review

A structural error is a "defect affecting the framework within which the trial proceeds, rather than simply an error in the trial process itself." *Arizona v. Fulminante*, 499 U.S. 279, 310 (1991). The Court of Criminal Appeals has held that structural errors are "federal constitutional errors labeled by the United States Supreme Court as such." *Johnson v. State*, 169 S.W.3d 223, 235 (Tex. Crim. App. 2005). The Supreme Court has found structural error only in a "very limited class of cases": the total deprivation of counsel at trial, lack of an impartial trial judge, the unlawful exclusion of members of the defendant's race from a grand jury, the denial of the right to self-representation at trial, the denial of the right to a public trial, and an instruction that erroneously lowers the burden of proof for conviction below the "beyond a reasonable doubt" standard. *Johnson v. United States*, 520 U.S. 461, 468–69 (1997). A structural error may be raised for the first time on appeal. *Segovia v. State*, 543 S.W.3d 497, 502 (Tex. App.—Houston [14th Dist.] 2018, no pet.) (citing *Mendez v. State*, 138 S.W.3d 334, 342 (Tex. Crim. App. 2004)).

3

Prosecutorial jury argument should generally be limited to: (1) summation of the evidence; (2) reasonable deductions from the evidence; (3) answer to argument of opposing counsel; and (4) pleas for law enforcement. *Jackson v. State*, 17 S.W.3d 664, 673 (Tex. Crim. App. 2000); *Lawson v. State*, 896 S.W.2d 828, 833 (Tex. App.—Corpus Christi 1995, writ ref'd). "Even when an argument exceeds the permissible bounds of these approved areas, it will not constitute reversible error unless . . . the argument is extreme or manifestly improper, violative of a mandatory statute, or injects new facts harmful to the accused . . . ." *Wesbrook v. State*, 29 S.W.3d 103, 115 (Tex. Crim. App. 2000) (citing *Todd v. State*, 598 S.W.2d 286, 296–97 (Tex. Crim. App. 1980)). When examining challenges to a jury argument, a reviewing court must consider the complained-of argument in the context in which it appears. *Gonzalez v. State*, 337 S.W.3d 473, 483 (Tex. App.—Houston [1st Dist.] 2011, pet ref'd); *see Wesbrook,* 29 S.W.3d at 115; *Gaddis v. State*, 753 S.W.2d 396, 398 (Tex. Crim. App. 1988).

The preferred procedure for a defendant to preserve jury argument error for appellate review is: "(1) to object when it is possible, (2) to request an instruction to disregard if the prejudicial event has occurred, and (3) to move for a mistrial if a party thinks an instruction to disregard was not sufficient." *Young v. State*, 137 S.W.3d 65, 69 (Tex. Crim. App. 2004); *see* TEX. R. APP. P. 33.1(a); *Cockrell v. State*, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996) (en banc). Although "this sequence is not essential to preserve complaints for appellate review," "[t]he essential requirement is a timely, specific request that the trial court refuses." *Young,* 137 S.W.3d at 69; *see* TEX. R. APP. P. 33.1(a). A general or imprecise objection will not preserve error for appeal unless "the legal basis for the objection is obvious to the court and to the opposing counsel." *Vasquez v. State*,

483 S.W.3d 550, 554 (Tex. Crim. App. 2016) (quoting *Buchanan v. State*, 207 S.W.3d 772, 775 (Tex. Crim. App. 2006)).

We review a trial court's ruling on an objection to a jury argument under an abuse of discretion standard. *Vasquez v. State*, 484 S.W.3d 526, 531 (Tex. App.—Houston [1st Dist.] 2016, no pet.); *York v. State*, 258 S.W.3d 712, 717 (Tex. App.—Waco 2008, pet ref'd); *see Davis v. State*, 329 S.W.3d 798, 823 (Tex. Crim. App. 2010).

## B.    Analysis

The complaint that Cox lodges does not fall within the classes of cases recognized as structural errors by the U.S. Supreme Court in *Johnson*. *See* 520 U.S. at 468–69. Here, Cox complains of improper jury argument by the prosecutor, which is not a structural error and, as such, it must have been preserved to be considered on appeal. *See id.*; TEX. R. APP. P. 33.1; *Threadgill v. State,* 146 S.W.3d 654, 670 (Tex. Crim. App. 2004) (en banc).  However, Cox, who appeared pro se before the trial court, did not object when the State made this alleged improper jury argument, and this issue was raised for the first time on appeal.  As conceded by Cox, his failure to timely object waives appellate review.  *See* TEX. R. APP. P. 33.1.

We overrule Cox's sole issue.

### III.    CONCLUSION

The trial court's judgment is affirmed.

DORI CONTRERAS
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).


Delivered and filed the
14th day of June, 2018.